CHARLES PATTERSON, plaintiff in error, *vs.* SARAH A. LEMON, defendant in error.

1. An administrator's sale is not void if he have proper and legal authority to sell.   If he fail to comply with the law as to the mode of sale, the sale is voidable, except as to innocent purchasers.
2. Under sections 2518, 2519 and 2520 of Irwin's Revised Code, the place of sale of lands by an administrator may be either in the county having jurisdiction of the administration, or in the county where the land lies, according to the discretion of the Ordinary in each case ;

and if land be sold in either county without such special direction, the sale is not void, but voidable only accordingly as the present owner of the land is or is not an innocent purchaser.

3. Where land lying in the county of Fulton was sold at administrator's sale, in said county, in the usual mode, and the deed to the purchaser recited the judgment of the Ordinary of Cobb county, authorizing a sale; that the sale was after due advertisement had, at public auction, on the first Tuesday of the month, between the usual hours, at the Court-house door of Fulton county, and the purchaser at the sale afterwards sold to another, who had no notice of any irregularity in the mode of sale:

*Held,* That if the order to sell in fact existed, the sale could not be avoided by the heirs-at-law as against such second purchaser, on the ground that the Ordinary had passed no special order directing the sale to be had in Fulton county, unless he had notice of the want of such special order.

Administrators. Sale. Purchaser. Before Judge HOP-KINS. Fulton Superior Court. October Term, 1872.

Sarah A. Lemon and Caroline D. Oglesby brought eject-ment, with a count for *mesne* profits, against Charles Patterson for a lot of land in the city of Atlanta. The defendant pleaded the general issue, and further that the plaintiffs cannot, in equity and good conscience, have and maintain this action, because of the following facts: The land in controversy was the property of William Lemon, deceased, who disposed of it by will, dated November 1st, 1863. This will was admitted to probate before the Ordinary of Cobb county on March 4th, 1867, and on the same day letters of administration with the will annexed were issued to Garnett S. Oglesby. On June 3d, 1867, at a regular term of the Court, said Ordinary passed the following order:

"GEORGIA—COBB COUNTY:

"It appearing to the Court that Garnett S. Oglesby, administrator *de bonis non* with the will annexed, on the estate of William Lemon, deceased, has made application for leave *to* sell the real estate of William Lemon, deceased, he having given the notice required by law, and it further appearing that it will be to the interest and advantage of the heirs and

creditors of said deceased to have the estate of said deceased sold : It is, therefore, ordered by the Court that Garnett S. Oglesby, administrator *de bonis non* with the will annexed on the estate of said William Lemon, deceased, be, and he is hereby authorized and empowered to sell all the real estate belonging to the estate of said William Lemon, deceased, after advertising the sale thereof as required by law.

  (Signed)   "JOHN G. CAMPBELL, Ordinary. "June 3d, 1867."

In pursuance of said order, said administrator, after due advertisement, did, on the first Tuesday in October, 1867, proceed to sell, at public outcry, to the highest bidder, at the Court-house door, in the city of Atlanta, county of Fulton, the real estate in controversy, and William Jennings and Edward P. Smith became the purchasers. Under said order of the Court of Ordinary, all of the lands of said estate of William Lemon, deceased, in the counties of Cobb and Fulton, were sold, and the returns of the sales made to said Ordinary, amounting in the aggregate to about $3,900 00. The settlements of the administrator, as they appear of record, show that the plaintiff, Caroline D. Oglesby, received of this amount $1,967 70, and the plaintiff, Sarah A. Lemon, received about $1,900 00. The defendant submits that the plaintiff cannot, in equity and good conscience, take from this defendant, who is a purchaser from said Jennings and Smith in good faith, and for a fair price, the land, while they are at the same time retaining the proceeds of the sale thereof. Furthermore, defendant insists that, under the order of the Court of Ordinary aforesaid, all the real estate of said Lemon, deceased, was legally sold, and that the title thereto became vested in the purchasers thereunder, and that he is an innocent purchaser without notice of any irregularity or defect in said sale.

The evidence made the case presented by the aforesaid plea. The will of William Lemon devised said land to his daughter, Sarah A. Lemon, and to his widow, Caroline D. Lemon, who afterwards married Oglesby. Pending the suit said Caro-

line D. Oglesby died, and the action proceeded in the name of Sarah A. Lemon alone, for the recovery of her interest. It also appeared that the defendant had placed improvements to the amount of $500 00 on the land in controversy; that he paid $300 00 for the same; and that he purchased without notice of any defect or irregularity in the sale by the administrator or in the authority to sell.

The Court, amongst other things, charged the jury as follows: "Under the order of the Ordinary, produced in evidence, the administrator had a right to sell in accordance with the order; and it is presumed that the Ordinary had sufficient evidence before him to make the order. But under that order a legal sale could not be made by the administrator in the county of Fulton, and if a sale was made under that order in the county of Fulton, it was void, and conveyed no title to Jennings, nor could Jennings convey the title of the heirs to Patterson by making a title from himself to the defendant, Patterson."

The jury returned a verdict for the plaintiff for the undivided one-half of the premises in dispute.

The defendant moved for a new trial because of error in the aforesaid charge, and because the verdict was contrary to the law and the evidence. The motion was overruled, and the defendant excepted.

COLLIER, MYNATT & COLLIER, for plaintiff in error.

Was the Court below right in charging the jury that the sale of the land in Fulton county, under the order passed in Cobb was void and passed no title to the purchaser, and the purchaser could pass none to Patterson? We think not. Appointment entitled the administrator to the possession of the entire estate, and may recover the same: Code, 2449 and 2450. To enable him to sell this property (real estate) he must have the order of the Ordinary: Code, 2518. This appointment then and this order are all that is necessary to enable him to pass the title. The innocent purchaser is bound only to see that the officer has competent authority to sell and

that he is apparently proceeding to sell under the prescribed forms: Code, 2586. What is competent authority to sell? Appointment and order to sell: Tucker *vs.* Harris, 13 Georgia Reports, 1. As to jurisdiction, see Code, section 366; Peterman *vs.* Watkins, 19 Georgia, 153; McDaniel *vs.* McDaniel, decisions, July Term, 1872, page 81. The record shows this to be a pending administration. Plaintiff cannot recover pending the possession of the administrator. The right is solely in him: Code, 2449; see, also, McDade *vs.* Burch, 7 Ga., 559. The judgment of a Court of competent jurisdiction cannot be collaterally attacked: Code, 3535, 3532, 3776; Doe *vs.* Roe, 30 Ga., 961. Plaintiff cannot have the land and retain the proceeds thereof: Judge Warner, in Groover *vs.* King, decisions, July, 1872, page 5; Southwestern Railroad Company *vs.* W. W. Chapman *et al.*, July decisions, 1872, page 66.

LESTER & THOMSON, for defendant, cited Code, sections 2518, 2519; 4 Georgia Reports, 148; 8 *Ibid.*, 236.

McCAY, Judge.

1. We recognize the well settled rule, that in order to divest the heirs-at-law of their title by an administrator's sale, the administrator must have authority to sell. This is a *sine qua non.* Without it the sale is void: 4 Wheaton's Reports, 77; *Clements vs. Henderson,* 4 *Georgia,* 148. Under our law, this authority is the judgment and order of the Ordinary having jurisdiction of the administration, duly had and rendered: *McDade vs. Burch,* 7 *Georgia,* 559. It is also true, that to made a perfect sale to divest the title regularly, the administrator must comply in full with the provisions of the law as to *the mode of sale: Worthy vs. Johnson,* 8 *Georgia,* 236; 10 *Ibid.*, 358. But whilst a sale without authority is void, a sale without a strict compliance with the requirements of the law, is only voidable. Even an innocent purchaser gets nothing under a void sale; but if the sale be voidable only, innocent purchasers, those having no notice, either actual or con-

structive, of the irregularity, are protected. The heirs-at-law, in such a case, are driven for redress, if they have been hurt, upon the administrator and his securities. These are well-settled principles applicable to judicial sales : See Revised Code, section 2586. And, though in some of the States, administrators' sales are treated like tax collectors' sales, as sales under the authority of a Court of *limited* jurisdiction, and the recitals of the deed are required to be very full, even to give the deed *validity*, yet the distinction between the want of authority to sell, which makes the sale void, and a failure to conform strictly to the mode of sale, which makes it voidable only, is very uniformly adhered to : McPherson *vs.* Cunliff 11 Serg. & R., 422 ; 4 Dallas, 119 ; Messenger *vs.* Kruter, 4 Binney, 105 ; 6 Binney, 496 ; Perkins *vs.* Fairfield, 11 Mass., 227 ; Watson *vs.* Watson, 11 Conn., 77 ; 2 Vermont, 234 ; 4 Kent's Com., 344–5 ; *Worthy vs. Johnson,* 8 *Georgia,* 236 ; *Tucker vs. Harris,* 13 *Ibid.,* 1 ; *Brown vs. Redwine,* 16 *Ibid.,* 67. It may be remarked, too, that since the decisions referred to of our own Court, our law declares, in terms, that Courts of Ordinary are, in this State, Courts of general jurisdiction. If this statute is to have any meaning at all, it can only be to provide that persons claiming under such judgments shall stand in the same situation as those claiming under judgments of Courts of general jurisdiction. If this be the rule in Georgia, many of the decisions on the subject of administrators' deeds in other States, as to the strictness with which such sales are to be scanned, do not apply here.

2. Under the Act of 1816, and up until the adoption of the Code, the place of administrator's sale was *only* in the county where the land was situated. But, by the Code, section 2519, it is provided that the place of sale shall be in the county having jurisdiction of the administration, unless the Ordinary shall, by *special order*, direct the sale to be had in the county where the land lies. We confess that we doubt the propriety of this change in the law. The practice of the country for forty years, and common experience, indicate that the county where the land is situated is the proper county in

Patterson vs. Lemon.

which to expose it to public sale. And the Act of 1863-4, providing that the notice of sale shall be in some newspaper having general circulation in that county, indicates the legislative opinion that it is there purchasers will most probably be found. But, we are satisfied from the words of section 2519, as well as from the context, that it was not the intent of the Codifiers to make this *special order* of the Ordinary a part of the authority to sell, without which the sale would be void. The authority to sell—the *sine qua non* of a valid sale—is provided for in section 2518 of the Code, (Irwin's.) Section 2519 is as follows : "Every such sale shall be advertized (in any newspaper having a general circulation in the county where the property is located : Act of 1863-4, p. 60,) for forty days after the leave granted, and before the sale. It shall be at public auction, on the first Tuesday of the month, between the usual hours of sale, and at the place of public sales in the county having jurisdiction of the administration, unless, by *special order* in the discretion of the Ordinary, a portion of the land is sold in another county where the land lies." It seems to us very clear that it was the intent of the Codifiers to place this duty to get a special order for the sale in the county where the land lies, among that class of acts by the administrator which pertain not to his *authority* to *sell* but to the *mode of sale;* that it stands upon the same footing as his duty to advertise forty days in a paper circulating in the county where the land lies, or to sell within the usual hours of sale, etc.; and that the failure strictly to comply makes the sale only voidable and not void. In such cases, the right of the heirs to have the sale set aside depends upon the innocence of the present holder of the lands.

3. We do not decide, at present, that it was not Jennings' and Smith's duty to inquire after this special order, though for myself I doubt it. The sale was in a county not *unusual* for such sales to be had; indeed, for forty years previously to 1863, such sales *must* have been in the place where the land was situated. But, in the case before us, a second sale has taken place. Patterson appears to have bought under the

recitals in the deed, to-wit: that the sale was in *pursuance* of an order of the Ordinary, and after due notice, etc.    True, there is no specific recital of any special order, fixing Fulton county as the place of sales; but there is a general recital that the sale was in pursuance of the order of the Ordinary.    We think, under this recital, Patterson had a right to presume a compliance with everything the law required, except the *authority to sell*.    In this case, the authority to sell did, in fact, exist, as the record shows.    The defect in the administrator's proceedings is *as to* the mode of sale; and as there is no proof of any notice to Patterson of this defect, we think the sale not voidable as to *him*, or as to others standing in the same relation, under the proof, as contained in the record.

Judgment reversed.