Coggins *vs.* Griswold.

## COGGINS *vs.* GRISWOLD.

[WARNER, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]

1. The grantee of an executor who shows an order from the court of ordinary to sell the real estate of testator need not introduce the will in evidence.

2. Wild land may be sold at private sale on leave therefor from the ordinary, and in the same application there may be a prayer to sell cultivated and wild land and personalty, and at the proper time an order may be passed granting leave to sell each. In the case of real estate, whether cultivated or wild, it is only of vital consequence that the citation be duly published, and where that is ordered to be done and return thereof to be made at the next term, and at the next term leave is granted to sell the wild land at private sale, the presumption is that the citation was in accordance with the law, and that the parties in interest all had legal notice. Minor irregularities will not vitiate the sale and defeat the title of the purchaser, especially as against a mere squatter on the lot without any title.

Evidence. Administrators and executors. Title. Sales. Before Judge LESTER. Gilmer Superior Court. May Term, 1879.

Griswold brought complaint for land against Coggins. Plaintiff claimed by virtue of a deed from the executors of Brown. The jury found for plaintiff. Defendant moved for a new trial. It was refused, and defendant excepted.

For the other facts, see the opinion.

THOS. F. GREER; W. T. DAY, for plaintiff in error.

H. R. FOOTE, for defendant.

JACKSON, Justice.

Two questions are made in this case: First, that the court erred in admitting in evidence the deed of executors of Brown and the letters testamentary without the will of

testator, and secondly that the court erred in admitting said deed, because there was no sufficient authority to sell the lot sued for from the court of ordinary of Baldwin county.

The suit was ejectment for the lot, and the title of plaintiff is perfect, if this link from the executors of Brown, deceased, to plaintiff be sound.

1. If the suit be by the executors to recover the land, we think they should show as well the will as their letters; because the will may have given the land to the defendant. But where the executors have sold the land to another under a valid order from the court of ordinary, the presumption is that the ordinary, being a court of general jurisdiction over such matters, 50 *Ga.*, 231, has granted the order circumspectly, and could not have done so, had anything in the will which was before him and of record in his court, been opposed to the grant of the order to sell.

2. So that the case turns on the validity of the order. The record shows that application was made to sell a certain tract in Baldwin county, and also this wild lot described as being in Cherokee, but proven to be the lot sued for in Gilmer county. The petition prays that the usual citation be published returnable to the October term, 1875, of the court of ordinary of Baldwin county, and at that term that an order be passed to sell the real estate of deceased testator, consisting of the tract in Baldwin and of a lot of wild land in Cherokee, containing 160 acres, and also the personal property if necessary—the sale to be for payment of debts and distribution among the legatees; and this petition was filed in office September 6, 1875.

Accordingly, at the same September term, 1875, an order was passed allowing the executors to sell the perishable property, and that the usual citation be published in the *Union and Recorder* for leave to sell the real estate, and be returnable to the October term, 1875.

Thereupon, at that October term, 1875, no person objecting, an order was passed granting leave to sell the Baldwin

tract, after duly advertising the same, at public outcry, and the wild lot in Cherokee "at private sale or otherwise as shall be to the best interest of said estate."

Whereupon, on the 11th day of April, 1877, a deed was made by the executors to the plaintiff, in which it is recited that at private sale on the first of April, 1877, the lot was put up and exposed to sale and knocked off to the plaintiff, who was the highest and best bidder.

Under the order the executors could have sold to the plaintiff without putting the lot up at auction; therefore, while it is irregular to have done so, we do not think that it is such an irregularity as makes void the deed so as not to pass the title.

So, too, in regard to the application for leave and the order to sell—the one not precisely following the other—whilst they might have been drawn with more accuracy, yet taking them and construing them together, it appears clear that the ordinary granted leave to sell the entire realty of testator—the cultivated land at public outcry according to law, and the wild land at private sale or otherwise as deemed best by the executors.

The defendant was a mere squatter with no written title at all, and therefore she did not hold adversely to the true owner, and it was unnecessary to recover possession before the executors could sell. Code, §2564. See also Code, §§2557, 2559, and 50 *Ga.*, 231, before cited.

We know no reason why the executors could not embrace in one application the grant of leave to sell cultivated and wild land—the one at public and the other at private sale—and publish the citation usual in each case; and this seems to have been done, nor was it necessary to describe the land. As it was done it was better to have been done accurately by number, etc., and as lying in Gilmer, originally Cherokee; but it does not, we think, make void the sale. The presumption is that the ordinary did his duty, and saw from proofs before him that it was to the interest of the estate to sell, and, nobody objecting, he granted the order.

Something was said about the seal of the court of ordinary of Baldwin county.  It purports to be its seal in the record and is enough, we presume, to certify the letters testamentary—if indeed they were necessary to the case, when an order to sell was in evidence.

Judgment affirmed.