NICHOLS *v.* LITTLE *et al.*

The deed offered by the plaintiff as a muniment of title was properly rejected on the ground that it had no evidentiary value in the case on trial, and there was no error in directing a verdict in favor of the defendants.

Submitted May 1, — Decided June 6, 1902.

Complaint for land. Before Judge Gober. Cherokee superior court. October 1, 1901.

*E. W. Coleman*, for plaintiff. *J. P. Brooke*, for defendants.

LUMPKIN, P. J. This was a statutory action brought by Nichols against Little and another, in the superior court of Cherokee county, for the recovery of lot of land number 1060 in the third district and second section of that county. The plaintiff introduced the following documentary evidence: (1) copy of a grant from the State to Paul Williamson, covering the land in dispute; (2) a deed from Williamson to Augustus S. Jones, to the same land; (3) a certified copy of the will of Augustus S. Jones, in which no specific devise of this land was made; (4) a " certified copy of letters testamentary to William S. Lawton as one of the executors of said will;" and (5) a " certified copy of a verdict and decree from the superior court of Chatham county, in a proceeding in equity in said court, by William S. Lawton et al., executor of said will, against Seaborn Jones et al., defendants in said suit. The verdict of the jury was upon various subjects connected with said will," a number of which " did not affect the sale of this land in dispute. The item of said verdict that affected the sale of this land is as follows: 'We, the jury, find as follows: 5th, that the wild-land lots be sold as recommended by the commissioners.'" Upon this " verdict the judge of the superior court of Chatham county rendered a decree, and the part of said decree affecting and authorizing the sale of the wild lands belonging to said estate was the 3rd item of said decree, and is as follows: 'Third, that the executors shall put up and expose for sale at public outcry before the court-house of' Chatham county, on the first Tuesday in June, 1889, between the usual hours of sale, all the wild-land lots belonging to the estate of Augustus Seaborn Jones, as described in the bill, and situate, lying, and being in the counties of Rabun, Crawford, Fannin, Paulding, Union, Walker, Lumpkin, Cobb, and Ware; and all the estate, right, title, interest,

and profits of the said executors of, in, or to the same; and that the same shall be sold to the highest bidder therefor.  Said sale shall be conducted in such manner as the said executors may determine, but after advertisement in the Savannah Morning News once a week for four weeks preceding the said sale.'"  The plaintiff then introduced in evidence a deed "from William S. Lawton and Seaborn Jones, as executors of the last will of Augustus Seaborn Jones, to George T. Nichols, dated June 7th, 1889.  Said deed recited proceedings in the superior court of Chatham county, and copied the 3rd item in the decree" above referred to "as the authority for making said deed, and reciting that the land therein conveyed was exposed for sale as prescribed in said decree, and that George T. Nichols bought the same for $35.  The land in said deed was described as follows: 'All that tract or lot of wild land, containing 40 acres, situate, lying, and being known and distinguished as lot number (1060) one thousand and sixty, (3) third district and (2nd) second section of Cobb county, in said State.'"  The plaintiff then introduced parol evidence to the effect that there was no land in Cobb county answering to the description embraced in the deed last mentioned.  Thereupon the defendants offered certain evidence, the nature of which it is not necessary to state.  After both sides had announced closed, the court ruled out the above-mentioned deed from the executors of Augustus S. Jones to the plaintiff Nichols, on the grounds: (1) that it described the land thereby sought to be conveyed "as lying and being in Cobb county, and not in Cherokee county;" and (2) that the decree of the superior court of Chatham county did not authorize the sale of any lands situate in Cherokee county.  A verdict was then directed in favor of the defendants.  Nichols thereupon sued out a bill of exceptions assigning error upon the rejection of the deed just referred to, and complaining of the direction of the verdict against him.

If the deed was properly excluded, the direction of the verdict was, of course, fully warranted; so the real question on which the case turns is: did the court err in ruling out the deed?  We are quite confident that it did not.  The decree under which the executors of Jones acted, and which, so far as was made to appear, constituted their sole authority for selling lands of the testator, did not confer upon them power to sell any land belonging to his estate lying in the county of Cherokee.  This being so, even had the deed pur-

ported to convey land situate in that county, it would be a mere nullity, for the reason that the executors clearly had no authority to dispose of any realty in that county constituting a portion of the testator's estate. As matter of fact, the deed did not purport to do this, and was therefore wholly irrelevant to the issue in controversy. A casual examination of the cases of *Davie* v. *McDaniel*, 47 *Ga.* 195, *Patterson* v. *Lemon*, 50 *Ga.* 231, and *Coggins* v. *Griswold*, 64 *Ga.* 323, which were cited and relied on by counsel for the plaintiff in error, will readily disclose that they have no bearing whatever upon the question presented by the case now before us.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*