## FUSSELL *v.* DENNARD, administrator, *et al.*

1. The ordinary has no power to grant leave to sell without the notice and advertisement required by law,
2. While there is every presumption in favor of the regularity and validity of an order to sell, yet when the record produced shows that it was granted by the ordinary on the day the petition was presented, and without notice and advertisement, the same is void, and a purchaser thereunder acquires no title.
3. Even if timber rights and sawmills connected therewith could be treated as wild land within the meaning of the Civil Code, § 3448, the ordinary could not authorize a private sale without due notice ; and a purchaser under an order granted without advertisement or other citation acquires no title.
4. Where it is apparent from the record that the parties are the same, a bill of exceptions will not be dismissed because of a slight variance from the names and titles of the parties as set out in the original record.

Submitted June 12, — Decided June 30, 1903.

Equitable petition.    Before Judge Dart.    Coffee superior court.
October 16, 1902.

*A. E. Cochran* and *S. W. Hitch*, by *Z. D. Harrison*, for plain-
tiff.    *J. L. Bankston, Quincey & McDonald*, and *J. L. Sweat*, for
defendants.

LAMAR, J.    Fussell brought proceedings to correct a mistake in
a bond for titles given by him to McLeod, and by amendment asked
for a cancellation of the contract and a return of the property.    The
defendants were Dennard, administrator of McLeod, and Paxon,
Pate & Brothers, and the Wadley Lumber Company, holding under
Dennard as administrator by virtue of an order to sell at private
sale, granted to him by the ordinary of Irwin county.    The peti-
tion for leave to sell was filed October 6, 1899, and recited that the
estate of McLeod owned timber leases on a number of tracts of
land, including that in controversy, besides sawmills, engines, and
three miles of iron rails; "that said personal property" belonged
with the timber and should be sold with it to prevent loss, and
prayed for leave to sell at public outcry or private sale, or as he
might deem most advantageous to the estate "all the above-named
property."    On the same day the ordinary passed an order grant-
ing him leave to sell as prayed for.    From the briefs of counsel
we learn that the nonsuit was granted on the theory that this, be-
ing an order of a court of competent jurisdiction, imported verity,
could not be collaterally attacked, and that the purchasers there-
under acquired a good title to the timber, even though no citation
had been published and the sale was private.

All sales by administrators are required to be at public outcry,
except annual crops sent off to market, and vacant lands.    Civil
Code, § 3446.    Section 3448 permits "wild uncultivated lands ly-
ing in counties other than that of the administration" to be dis-
posed of at private sale, but the order authorizing such sale must
be after notice.    When, therefore, the record was not only silent
as to notice, but affirmatively showed that the order was granted
the day the petition was presented, its invalidity was apparent.
There is every presumption in favor of the regularity and validity
of judgments by the court of ordinary; but where the record dis-
closes that no notice was given, and that the statute requiring cita-
tion and advertisement has not been complied with, the prima facie

validity is negatived, and the order to sell must be treated as void. Both the heirs and creditors of an estate are interested in being heard. The creditors are entitled to notice of the intention to apply for leave to sell and also of the sale, that they may attend and cause the property to bring its full value so as to satisfy their debts. The heirs are interested in the same way, and to create a surplus to be divided after payment of debts. If there are no debts, they are still more interested in having notice and opportunity to be heard against passing an order by which alone, as heirs at law, their rights can be divested. Civil Code, § 3463. The administrator is an agent with limited authority, and he can only acquire power to sell by complying with the requirements of the statute as to advertisement and citation. The court in turn only has authority to confer this power after such notice has been given. *Coggins* v. *Griswold*, 64 *Ga.* 323; *Groover* v. *King*, 46 *Ga.* 101 (2); *King* v. *Cabaniss*, 81 *Ga.* 661; *Neal* v. *Patten*, 40 *Ga.* 363 (1); *Torrance* v. *McDougald*, 12 *Ga.* 526; Civil Code, § 3450. When the record was sought to be used adversely to Fussell, who had a claim against the estate and a remedy against the property, it was like a judgment rendered at the first term of the superior court, or like the case where a will without witnesses had been probated before the ordinary, or any other judgment rendered without service. It was void and could be attacked by anybody anywhere. Nor did the good faith of Paxon, Pate & Brothers, or of the Wadley Lumber Company give efficiency to the invalid sale.

The administrator's answer set up that he had received letters of dismissal from the court of ordinary of Irwin county, but there was no evidence of that fact, and the defendant is not entitled to any benefit therefrom in this court, since the judge in this equitable proceeding passed an order equivalent to a nonsuit in a common-law case, and dismissed the action at the conclusion of the plaintiff's evidence.

The names of the parties as set out in the bill of exceptions vary slightly from those as stated in the original petition, but the changes were immaterial. It is evident that the same persons were referred to in the petition, the order of nonsuit, and the bill of exceptions; and the motion to dismiss is overruled.

*Judgment reversed. By five Justices.*