## STEADHAM *et al. v.* ROGERS.

1. Where an order to sell land at administrator's sale appears to have been granted regularly, it will be presumed, in the absence of proof to the contrary, that the petition for such order was duly filed and presented to the court of ordinary.

2. The mere fact that the petition for leave to sell was sworn to on a certain date is not such evidence of filing on that date as will overcome the presumption that the same was duly filed.

3. The recital in the motion of counsel to exclude certain evidence on the grounds upon which he bases the motion is not evidence that the grounds so taken are in fact true. The truth of the grounds alleged as the basis of the motion must appear affirmatively from the record.

DECEMBER 13, 1913.

Ejectment. Before Judge Frank Park. Calhoun superior court. August 6, 1912.

*Sheffield & Askew,* for plaintiffs.

*Pope &-Bennet* and *Smith & Miller,* for defendant.

BECK, J. Steadham and others brought ejectment against Rogers. The defendant admitted a prima facie case in the plaintiffs, and assumed the burden of proof. The defendant then introduced a deed from the administrators of the ancestor of the plaintiffs, through whom they derived title. This deed conveyed to the immediate grantor of the defendant. The order of the court of ordinary authorizing the sale, bearing date October 4, 1880, was also introduced in evidence by the defendant; and the plaintiffs introduced the following application upon which this order appeared to have been based: "Georgia, Calhoun County. To the Court of Ordinary of said County: The petition of Rebecca W. Steadham, admx. of William J. Steadham, late of said county, departed this life having as a part of his real estate seven hundred and fifty acres of land, more or less, consisting of land lots numbers one hundred and eighteen, ninety-two, and ninety-three, all in the 4th district of Calhoun County, Ga. That lot No. 92 has been laid off and set aside as dower for the widow, it being the lot on which deceased resided at the time of his death; and that such is the situation and condition of the estate of the said William J. Steadham that said lands, to wit 118, 93, making five hundred acres, more or less, together with the reversionary interest of the widow's dower of the lot No. 93, should be sold to pay his debts, and for the purpose of division. That the estate is not able to pay its debts and hold the land for division among the heirs at law, seven in number, if

it could be divided. That the creditors of said decd. will not indulge their debts, but have instituted suits for the same. That petitioner has given due notice of this her intended application by publication in the Arlington Advance. Wherefore she prays the judgment of the Court of Ordinary granting an order to sell the same lands. [Signed] Rebecca Steadham, admx." Certain other evidence, not necessary to be referred to here, was introduced, and both sides closed; after which the court directed a verdict for the defendant.

After the introduction of the evidence was complete and before the jury retired to consider of their verdict, the plaintiffs moved that the court rule out the order authorizing the sale of the land in dispute, on the ground that "the record in the court of ordinary showed on its face that said order was unlawfully granted and was void, for the reason that it affirmatively appeared upon the face of the record that said order was granted by the ordinary at the same term and on the same day upon which the application therefor was filed and presented to the court of ordinary." The court overruled this motion and allowed the order to remain in evidence, and this ruling is excepted to.

Whether or not it was necessary, under the provisions of the Civil Code, § 4026, that the application referred to therein should be filed in the court of ordinary and that after the filing the notice should be published in terms of the statute, or whether the notice contemplated by this code section may be given and the application then filed, it is not necessary to determine in this case (see, in this connection, Nixon v. Lehman, 137 Ga. 516, 73 S. E. 747); for it does not affirmatively appear from the record that the application was not filed and notice of the same not published for the period prescribed in the statute, subsequently to the filing of the petition. It is true that the motion to exclude from evidence the order to sell was based upon the alleged ground that the record showed that the order to sell was granted at the same term and on the same day upon which the application therefor was filed and presented to the court of ordinary. But an examination of the record, or so much thereof as is included in the brief of evidence, fails to show affirmatively that the order to sell was granted on the same day on which the application was filed. The date of filing the application does not affirmatively appear. It does appear that the order

to sell was granted on October 4, 1880, and that on the same day the applicant for leave to sell made affidavit of the truth of the allegations in her petition. This fact affords some ground for inference, it must be conceded, that the application was filed on the 4th day of October, 1880, the same day upon which the order to sell was granted; but the presumption in favor of the legality of the action of the court of ordinary and that the application had been duly and legally filed is stronger than the inference arising from the fact that the petition was sworn to on the date stated. For we can see no reason why the application might not have been filed four weeks before the date of the affidavit, and oath made to the truthfulness of the allegations in the petition on the day of the hearing. The court of ordinary is a court of general jurisdiction, and every presumption in favor of the regularity of its judgments will be indulged. And where an order for the sale of lands granted by the court of ordinary is shown, nothing appearing to impeach the judgment, it will be presumed that the application for it was regularly and properly filed. The mere statement of the grounds taken in the motion to exclude the order to sell from evidence is not evidence of the truth of the grounds upon which the motion is based. With the order to sell properly before the court for its consideration in this case, the verdict for the defendant was the only one which could have been rendered in the case, and the court did not err in directing the jury to so find.

*Judgment affirmed. All the Justices concur.*