POWELL *v.* HARRISON *et al.*

No. 10157. February 12, 1935.

*C. S. Claxton* and *C. C. Crockell,* for plaintiff in error.

*E. L. Stephens,* contra.

Atkinson, Justice. On November 28, 1925, a woman as guardian of the person and property of her minor children, acting by an attorney at law, presented to the ordinary a petition for leave to sell described realty as property of her wards, for their "maintenance, education, and support." The petition concluded with the statement: "This 28th day of November 1925," and was verified by affidavit of the petitioner sworn to before the ordinary on that date. It did not make reference to the subject of giving notice of the application. On the same day the ordinary entered an order authorizing sale of the property for the purpose stated, after advertising the same for sale once a week for four weeks in the official organ of the county. The order did not state that notice of the application had been published, or anything else on the subject of notice. In pursuance of this order the property, after due advertisement, was exposed to sale at public outcry on January 5, 1926, and was in fact bid off by an adult son of the guardian at the price of $1500. A deed to the purchaser was executed, stating the amount of the bid as $3200, and was filed for record on the date of sale, without payment of the purchase-price. The deed stated that the order of sale was "regularly granted," but did not state that notice of the application for leave to sell had been published prior to grant of the order to sell. The grantee entered possession in virtue of the deed. The adult son had induced the guardian to make the application for leave to sell. Prior to that time he had discussed with a neighbor the matter of procuring a loan on the property, and had been offered a loan if he "would get [the property] in . . . [his] name." The neighbor attended the sale and bid on the property. On the day of sale the adult son signed a written contract with the same attorney who had represented the guardian, and who also represented the above-mentioned neighbor in the matter of making loans, whereby he should procure for him on the property a long-time loan of $1500, which amount the attorney

should receive from the lender and disburse to the borrower, for which the attorney should receive a commission of $150. A loan from the said neighbor for that amount, negotiated through the attorney, was consummated by said adult son, by execution of a promissory note and security deed dated and filed for record on the same day as the sale and guardian's deed. The deed contained a power of sale. The attorney commenced immediately to disburse the proceeds of the loan, by issuing separate checks through a period of ten days. Certain of these were to the borrower directly and others for his benefit. One of them was to the tax-collector for $61.57, for taxes due by the guardian on the property. The last check for "balance due" was for $853.94, and was payable jointly to the borrower and the guardian. This was delivered to the borrower, who carried it to the guardian and obtained her indorsement, and thereafter cashed it and applied the proceeds to his individual use. No part of the proceeds was delivered to the guardian or her wards, nor did the purchaser at guardian's sale pay the guardian or her wards from any other source any part of the amount of the bid at the guardian's sale. In fact thirty days notice that the application for leave to sell would be made was not published before the application was granted.

A suit was instituted on October 31, 1932, by the wards against the grantee in the security deed, the purchaser at the guardian's sale, and the guardian, to enjoin exercise of the power of sale, to cancel the guardian's deed and the security deed, to declare the order of sale by the ordinary void, and to have title to the property decreed to be in them. Neither the guardian nor the purchaser at guardian's sale answered. The grantee in the security deed filed an answer denying the alleged grounds of relief, and by way of cross-action sought appointment of a receiver to collect rents, praying, in the event the guardian's sale should be set aside, that he be allowed to have judgment for the amount of the debt, and especially the amount of the joint check which the guardian indorsed and the amount paid for taxes, and that such judgment be declared a special lien upon the land. The jury returned a verdict for the plaintiffs, except that it declared a lien on the cross-demand for the amount paid for taxes. A motion for a new trial was overruled, and the grantee in the security deed excepted.

Complaint is made of refusal, on motion, to rule out certain

testimony to the effect that the statutory notice of the application by the guardian to the ordinary for order to sell the land in question was not published prior to grant of the order, on the ground that the testimony "was a collateral attack on the judgment of the court of ordinary allowing the petition and ordering the sale, and that no testimony could be offered going behind this judgment of the court of ordinary." The judgment of a court having no jurisdiction of the person and subject-matter, or void for any other cause, is a mere nullity, and may be so held in any court when it becomes material to the interest of the parties to consider it. Code of 1910, §§ 5964, 5968; Code of 1933, §§ 110-709, 110-701. Guardians may sell estates of their wards for *"reinvestment"* by order of the judge of the superior court. Code of 1910, §§ 3060, 3065; Code of 1933, §§ 49-202, 49-204. But "all other sales of any portion of the property of the ward shall be made under the direction of the ordinary, and under the same rules and restrictions as are prescribed for sales by administrators of estates." Code of 1910, § 3066; Code of 1933, § 49-205. In sales of land by administrators it is declared that "the administrator shall, by written petition, apply to the ordinary for leave to sell, setting forth in the petition the reason for such application; and notice of the same shall be published once a week for four weeks before the hearing, in the gazette in which the county advertisements are published. If no objection is filed, and the ordinary is satisfied of the truth of the allegation in the petition, an order shall be passed granting the leave to sell, specifying therein the land as definitely as possible." Code of 1910, § 4026; Code of 1933, § 113-1706. And it is further declared: "To divest the title of the heir at law, the administrator must have authority to sell; if there be irregularities, or if he fail to comply with the law as to the mode of sale, the sale is voidable, except as to innocent purchasers." Code of 1910, § 4039; Code of 1933, § 113-1720. As applicable to sales of land by a guardian the above sections of the code mentioned are to be construed together, and authority to the guardian to sell lands of his ward for education and support must be obtained by compliance with § 4026 (§ 113-1706), supra. *Prine* v. *Mapp,* 80 *Ga.* 137 (2) (5 S. E. 66); *Allen* v. *Morris,* 156 *Ga.* 41 (118 S. E. 640). Referring to an order of an ordinary granting an administrator "leave to sell," it was said, in *McDade* v. *Burch,* 7 *Ga.* 559-562 (50 Am. D. 407): "It is not only leave to sell, but it is

a judgment of the court that such sale will be for the benefit of the heirs and creditors of the estate; because the judgment, by the statute, can not be granted until it is made fully and plainly to appear that such sale will be for the benefit of the heirs and creditors. In favor of this judgment, we are to presume that the court did its duty, that notice of the application was given as the statute directs, and that it plainly and fully was made to appear that the sale would be for the benefit of the heirs and creditors; not only heirs, but creditors; that is, we are to presume that it was made to appear that there were creditors of the estate and debts unpaid. It was competent for the claimant to resist, before the ordinary, the granting of this order; from aught that appears to this court, he did resist it. The notice of the application which the statute requires is for the benefit of all parties in interest, himself included—he can not say that he was not warned. . . The presumption of the law is that he had his day in court, and was heard against the judgment; if it can be set aside, it must be by application to the court that rendered it, or by application to a court of chancery, upon such grounds as may be cognizable in that court." *Lovelace* v. *Lovelace,* 179 *Ga.* 822, 829 (177 S. E. 685). See also *Walker* v. *Hall,* 176 *Ga.* 12, 15 (166 S. E. 757).

In *Copelan* v. *Kimbrough,* 149 *Ga.* 683 (4) (102 S. E. 162), it was said: "It is contended by the plaintiffs that the judgment of the court of ordinary granting leave to sell the land is void, because there was no notice or service on the owners of the land. The petition to the court of ordinary for leave to sell alleges that the petitioner 'has given due notice of his intended application.' Nothing else appearing on the face of the record, it must be assumed that 'due notice' means a compliance with the law, and that whatever notice and service the law required was given. 'A recital in an administrator's deed, of a compliance with all of the requirements of law necessary to be done after the order of sale is granted, is prima facie evidence that those requisites were complied with.' *Davie* v. *McDaniel,* [47 *Ga.* 195]. The deed made to the purchaser recites: 'Legal notice of said application having been first given in one of the public gazettes of this State, two months previous to the granting of the order aforesaid.' The deed therefore furnishes ample prima facie evidence of its own validity in this respect. In favor of the judgment of the court of ordinary we are bound to presume

that the court did its duty, 'that notice of the application was given as the statute directs, and that it plainly and fully was made to appear that the sale would be for the benefit of the heirs and creditors." The doctrine stated in the foregoing excerpts has been stated in other cases, some of them decided by the entire bench as the court was constituted at the time, others by a divided court, or in which all the Judges or Justices did not participate, and others in which the judgment of the court was concurred in by certain of the Justices specially. *Stell* v. *Glass,* 1 *Ga.* 475, 486; *Clements* v. *Henderson,* 4 *Ga.* 148 (48 Am. D. 216) ; *Tucker* v. *Harris,* 13 *Ga.* 1 (58 Am. D. 488) ; *Patterson* v. *Lemon,* 50 *Ga.* 231; *Barnes* v. *Underwood,* 54 *Ga.* 87; *Roberts* v. *Martin,* 70 *Ga.* 196; *Craddock* v. *Kelly,* 129 *Ga.* 818, 825 (50 S. E. 193) ; *Hobby* v. *Ford,* 149 *Ga.* 176 (99 S. E. 624) ; *Coleman* v. *Hodges,* 166 *Ga.* 288 (142 S. E. 875) ; *New York Life Insurance Co.* v. *Gilmore,* 171 *Ga.* 894 (157 S. E. 188). Other cases refering to the same principle need not be listed here. In *Davie* v. *McDaniel,* 47 *Ga.* 195, decided at a time when the Supreme Court consisted of three Judges, one of them dissented and the other two delivered separate opinions. In none of the cited cases, however, was there extrinsic evidence or offer of extrinsic evidence to show affirmatively that the prescribed notice had not been published before the grant of the order of leave to sell; nor on the facts of the several cases (in which the decisions could not have been broader than their facts) was it ruled in a direct proceeding that the presumption arising from rendition of the judgment could not be rebutted at the instance of an owner of property to be affected, by extrinsic proof that the prescribed notice had not been published. The case of *Nixon* v. *Lehman,* 137 *Ga.* 516 (5) (73 S. E. 747), is a physical precedent where a notice was published prior to filing the application to the ordinary for leave to sell, but no question was raised or ruled upon as to requirement of filing the application before commencing the publication of the statutory notice. That question was noted in *Steadham* v. *Rogers,* 141 *Ga.* 146 (80 S. E. 624), but expressly left open. The language of the statute is, "shall by written petition apply to the ordinary for leave to sell; . . and notice of the same shall be published once a week for four weeks before the hearing," etc. The words "the same," considered with the context, refer to the application after it is filed with the ordinary. The first step in

the proceeding is written application to the ordinary. A paper is not an application to the ordinary until it is lodged or filed with that officer. Giving the language this meaning, the requirement of the statute is that four weeks shall intervene between the filing of the application with the ordinary and the hearing thereon.·

The decision in *Fussell* v. *Dennard,* 118 *Ga.* 270 (2) (45 S. E. 247), by only five Justices and therefore not binding as a precedent, was on an equitable action in which Fussell brought proceedings to correct a mistake in a bond for title given by him to McLeod, and for cancellation of the contract and return of the property. The defendants were Dennard, administrator of McLeod, and Paxon, Pate & Brothers, holding under Dennard as administrator, by virtue of an order to sell at private sale granted to him by order of the ordinary, and Wadley Lumber Company, a purchaser from Paxon, Pate & Brothers. A nonsuit was granted, and Fussell excepted. The judgment of the trial court was reversed. In the opinion it was said: "From the briefs of counsel we learn that the nonsuit was granted on the theory that this, being an order of a court of competent jurisdiction, imported verity, could not be collaterally attacked, and that the purchasers thereunder acquired a good title to the timber, even though no citation had been published and the sale was private. All sales by administrators are required to be at public outcry, except annual crops sent off to market, and vacant lands. Civil Code [1895], § 3446 [Code of 1933, § 113-1702]. Section 3448 [Code of 1933, § 113-1704] permits 'wild uncultivated lands lying in counties other than that of the administration' to be disposed of at private sale, but the order authorizing such sale must be after notice. When, therefore, the record was not only silent as to notice, but affirmatively showed that the order was granted the day the petition was presented, its invalidity was apparent. There is every presumption in favor of the regularity and validity of judgments by the court of ordinary; but where the record discloses that no notice was given, and that the statute requiring citation and advertisement has not been complied with, the prima facie validity is negatived, and the order to sell must be treated as void. Both the heirs and creditors of an estate are interested in being heard. The creditors are entitled to notice of the intention to apply for leave to sell and also of the sale, that they may attend and cause the property to bring its full

value so as to satisfy their debts. The heirs are interested in the same way, and to create a surplus to be divided after payment of debts. If there are no debts, they are still more interested in having notice and opportunity to be heard against passing an order by which alone, as heirs at law, their rights can be divested. Civil Code [1895], § 3463 [Code of 1933, § 113-1720]. The administrator is an agent with limited authority, and he can only acquire power to sell by complying with the requirements of the statute as to advertisement and citation. .The court in turn only has authority to confer this power after such notice has been given. *Coggins* v. *Griswold*, 64 *Ga.* 323; *Groover* v. *King*, 46 *Ga.* 101 (2) ; *King* v. *Cabaniss*, 81 *Ga.* 661 [7 S. E. 620] ; *Neal* v. *Patten*, 40 *Ga.* 363; *Torrance* v. *McDougald*, 12 *Ga.* 526; Civil Code [1895], § 3450 [1910, § 4026; 1933, § 113-1706]. When the record was sought to be used adversely to Fussell, who had a claim against the estate and a remedy against the property, it was like a judgment rendered at the first term of the superior court, or like the case where a will without witnesses had been probated before the ordinary, or any other judgment rendered without service. It was void and could be attacked by anybody anywhere. Nor did the good faith of Paxon, Pate & Brothers or of the Wadley Lumber Company give efficiency to the invalid sale." It is to be .noted that this decision recognized "every presumption in favor of the regularity and validity of judgments by the court of ordinary" in matters of the kind involved in the case, but declared in effect that it is a rebuttable presumption, and that if it is negatived by the record the order to sell and the sale "must be treated as void . . and could be attacked by anybody anywhere," and that the good faith of the purchaser at the administrator's sale and those claiming under him did not give "efficiency to the invalid sale." Also, that the fact that the application was granted on the day that it was filed with the ordinary was sufficient to show of record that the publication did not meet the requirements of the statute. The clear import of the decision is that the requirement of the statutory notice prior to grant by the ordinary of leave to sell is jurisdictional, and that the ordinary acts without jurisdiction of the subject-matter in a particular case where he grants an order to sell without the statutory notice having been given. Also, that while a judgment of the ordinary granting leave to sell, regular

upon its face, is presumptively valid and binding upon the subject-matter of sale and all persons interested therein, such presumption is only prima facie, and may be rebutted by evidence affirmatively showing that the jurisdictional fact of publication of the statutory notice had not been accomplished at the time of the grant of the order. Also, that an order of sale granted when no such jurisdictional fact had been accomplished would be void and a sale thereunder by the administrator would be invalid; and being so, good faith of the purchaser at the administrator's sale or his assignee would not give efficiency to the invalid sale.

None of the cases hereinbefore cited on the subject of presumptions in favor of judgments of the court of ordinary as a court of general jurisdiction of the matter of administration of estates go so far as to hold that a judgment of the court of ordinary granting an administrator leave to sell without publication of the statutory antecedent notice could not be impeached in a court of equity on account of such failure to give the statutory notice, and can not be held to controvert the doctrine stated in *Fussell* v. *Dennard,* supra, that the presumption in favor of the judgment of the court of ordinary as a court of general jurisdiction as to such matters is a rebuttable presumption in a court of equity with all parties to be affected before the court. The case of *Horne* v. *Rodgers,* 113 *Ga.* 224 (38 S. E. 768), involved the question of jurisdiction of the ordinary in relation to the subject-matter of a sale by a guardian. The jurisdictional facts did not, as in the instant case, relate to the failure to publish the statutory antecedent notice, but had reference to authority of the ordinary to order land sold by the guardian "on the premises, it not being within a city." It was held that the ordinary had no power or authority to order the land sold upon the premises, and that the ordinary being without power to pass such an order, and the guardian having sold under the invalid order, the same was illegal. It was further stated in the opinion: "The defect was not a mere irregularity, as contended by counsel for the defendant in error, nor could the purchaser at such sale be an innocent purchaser without notice of the defect. The purchaser at such a sale is bound to see that the officer has competent authority to make the sale. If the officer is without authority, the purchaser is presumed to have notice of the lack of authority, and can not be an innocent purchaser. Section 3463 of

the Civil Code [1895] [1910, § 4039; 1933, § 113-1720] provides that if in a sale by an administrator 'there be irregularities, or if he fail to comply with the law as to the mode of sale, the sale is voidable, except as to innocent purchasers.' This section applies also to sales by guardians, but it protects innocent purchasers against nothing except irregularities in carrying out a valid order. Indeed the first part of the section provides, that, 'to divest the title of the heir at law, the administrator must have authority to sell.' See the decision in *Patterson* v. *Lemon,* 50 *Ga.* 231, of which this section seems to be a codification." In *Rusk* v. *Hill,* 117 *Ga.* 722 (6) (supra), it was held, all the Justices concurring: "Letters of administration granted to an applicant therefor without causing a citation to issue in conformity to law are wholly without legal force or effect." It was said in the opinion: "It appears from the record that Berry's application for appointment was not even signed. It was dated May 7th, 1883. No citation issued, but the ordinary, on the same day, passed an ex parte order granting the application. In so doing the ordinary acted without any shadow of authority. As was distinctly held in *Torrance* v. *McDougald,* 12 *Ga.* 526: 'Letters of administration, granted without the applicant's causing a citation to issue, and giving security, and taking the oath prescribed by law, are void; nor will a subsequent compliance with the statute in the two last particulars cure the defect, notice being indispensable.' No one interested in the administration of the estate of William J. Rusk having been given legal notice of Berry's application and thus afforded an opportunity to appear before the ordinary in resistance thereto, it follows that no one was bound by his order, and that for this reason it should be treated as a mere nullity."

In *Allen* v. *Barnwell,* 120 *Ga.* 537 (48 S. E. 176), it was held, all the Justices concurring: "A judgment appointing a guardian for a person alleged to be insane is void where the record shows that the proceedings were begun and concluded in one day, and that there was an absence of the statutory notice to the relatives, or of like notice to a guardian ad litem if there were no such relatives in this State." It is suggested that in the instant case the guardian represented the minors, and that no service on them was necessary. This is no answer to the requirement of the law that the statutory notice of the application shall be given. The law is

so written. In the opinion in the case last cited it was said: "For though it is but an idle form to serve one actually insane, the fact of insanity is not established until after the hearing. It is the very issue to be determined on the inquiry, and, as suggested in several previous decisions, it would always be best in such cases to give notice to the person to be affected. But, on principles fundamental and universal, a judgment without notice is void, and in every case there must at least be the notice required by the statute." In *New York Life Insurance Co.* v. *Gilmore,* supra, two of the Justices merely concurred in the result of the judgment reversing the judgment under review. That was not a concurrence in all of the rulings on which the judgment of reversal was predicated, and therefore the decision rendered was not such as to be binding upon this court as a precedent within the meaning of the Code of 1933, § 6-1611. However, even if the decision should be regarded as a precedent, any ruling made in that decision must yield to the older decisions in *Rusk* v. *Hill,* and *Allen* v. *Barnwell,* supra (concurred in by all the Justices), in so far as such ruling conflicts with the portions of these two decisions which are quoted above. In *Gormley* v. *Watson,* 177 Ga. 763 (2) (171 S. E. 280), it was held: "The order and judgment of the court of ordinary allowing the duly appointed and regularly qualified executor of an estate to resign, and appointing another person as administrator de bonis non cum testamento annexo, is not valid where it appears on the face of the record that no notice was given to the next of kin or to the persons most beneficially interested under the will, but that the proceedings for such resignation and appointment of a successor to such executor were in effect ex parte, and that the petition for such resignation and appointment was filed, the hearing had thereon, and the order passed, all on the same day." In the instant case, being a direct attack on the judgment, with all the parties before the court, the failure to give the statutory notice before the grant of the order of sale being a matter going to the jurisdiction of the court to render the order of sale was not a mere irregularity but is such as to render the purported order of sale void and the guardian's sale in pursuance of the order invalid. The purchaser at the guardian's sale was bound to see that the guardian had competent authority to make the sale; and if the guardian was without authority, the purchaser is presumed to have

had notice of the lack of authority, and can not be an innocent purchaser. On principle this applies also to the grantee of such purchaser, who was present and a bidder at the sale and had notice that his grantor's claim of title was based on the invalid sale. See *Fussell* v. *Dennard,* supra. It follows that the court did not err in overruling the motion to rule out the evidence on the grounds of objection stated in the motion.

The rulings announced in headnotes 2 to 7, inclusive, do not require elaboration.

*Judgment affirmed. All the Justices concur.*