29333. HARRISON *et al. v.* TONGE, guardian.

DECIDED MARCH 20, 1942.

*Vaux Owen, I. F. Parrigin,* for plaintiffs.
*M. E. O'Neal, A. B. Conger,* for defendant.

MacINTYRE, J.   J. L. Harrison and his wife, Mollie Harrison, were living in a state of separation.   They had two children, Carl and Gordon Edgar Harrison.   Mr. Harrison lived in Seminole County, Mrs. Harrison in Decatur.   Mr. Harrison was a veteran and received a pension from the Federal Government.   He died while still living in Seminole County and C. L. Reynolds was appointed guardian of the person and property of the said minor children by the ordinary of Seminole County.   Reynolds died, and Mrs. Harrison sought the legal advice of M. E. O'Neal and A. B. Conger with reference to the appointment of a guardian, and she was appointed guardian of the property of her children (having been qualified) by the ordinary of Decatur County, she being the natural guardian of the children and thus guardian of their persons by operation of law.   (See *Beard* v. *Dean,* 64 *Ga.* 258.)   During this time (it not appearing whether it was before or after her appointment in Decatur County), one Wurst made application for appointment as guardian of the person and property of the children in Seminole County.   Mrs. Harrison resisted his appointment and after approximately one year it was finally agreed between all the parties that L. H. Tonge be appointed guardian of the persons and property of said minors, which was done on January 22, 1938, by

the ordinary of Seminole County. On January 27, 1938, O'Neal and Conger filed a petition with the ordinary of Seminole County (the resident county of the deceased guardian and the county in which Tonge was appointed), seeking reimbursement for expenses and fees allegedly for representing the minors, in the amount of $150. On that same date the ordinary issued an order to Tonge as guardian to allow them $125, from the funds of the minors in his hands, for said expenses and services, which Tonge did. On January 26, 1939, Tonge made his annual return in which the disbursement of $125 to O'Neal and Conger appeared. Carl Harrison and Gordon Edgar Harrison, by their next friend Vaux Owen, chief attorney, Veterans' Administration, Atlanta, filed their caveat to the return of Tonge as to this item only. The ordinary overruled the caveat and the return was allowed and approved. The case was appealed to the superior court and a de novo investigation was had. The judge of the superior court, sitting without a jury, held in favor of Tonge and said: "It appearing that R. L. Cox, representing the Veterans' Administration, was present at the hearing when said application for expenses for fees was heard, and it further appearing R. L. Cox was not only present when said application for fees and expenses was made but was present in court when the appeal was being heard, I hold and find that notice to the attorney for the Veterans' Administration and his presence at the hearing was sufficient." To this ruling the minors excepted.

As stated by the defendant in error in his brief, the only issue to be decided is whether sufficient notice was given. The defendant in error contends that "notice was unnecessary because R. L. Cox, representing the Veterans' Administration, was present at all times and at all the various and sundry hearings held in connection with the matter." We can not agree to this contention, and on a thorough study of the evidence conclude that not only was no notice given the Veterans' Administration, but R. L. Cox did not, on the occasion of the hearing of the petition of O'Neal and Conger for reimbursement and expenses, appear as counsel or agent representing the Veterans' Administration. I. F. Parrigin, whose testimony was uncontradicted, testified that he was not served with a copy of the petition of O'Neal and Conger, nor did the Veterans' Administration receive a copy thereof prior to the date of entry of the order and judgment of the ordinary for said expenses and fees, to wit,

January 27, 1938, and that the first notice the administration had thereof was on March 10, 1939. He further testified that R. L. Cox had never at any time represented the Veterans' Administration as an agent or as an attorney, or in any other capacity, or in connection with the petition for attorney's fees and expenses. R. L. Cox, the attorney who allegedly appeared and represented the Veterans' Administration, testified that he had never been authorized to represent the administration, either as agent or as attorney or in any other capacity. He further testified: "I do not recall definitely whether I was present in the ordinary's office of Seminole County, Georgia, on the occasion when M. E. O'Neal and A. B. Conger filed a petition or application for an allowance of compensation to be paid from the estate of Carl and Gordon Edgar Harrison. I am not sure that I was there. I might have been, but I did not appear in court or before the court in connection with the said petition of said attorneys. I was not served with any notice or a copy of the petition in question and had no knowledge of the same." O'Neal and Conger did not introduce any evidence to refute this uncontradicted evidence of the plaintiffs in error.

The Code, § 49-817, provides, among other things, that the Veterans' Administration is an interested party in any cause involving the administration of the estate of any beneficiary of a veteran, and "written notice shall be given to the office of the Veterans' Administration having jurisdiction over the area in which the court is located of the time and place for hearing on any petition or pleading or in connection with any proceeding pertaining to or affecting in any manner the administration of the estate of any beneficiary of the Veterans' Administration. Said notice shall include a copy of the petition or other pleading and shall be given at such time as to reach such office in due course of mail not less than 10 days before the date of such hearing or other proceeding, unless otherwise provided in this chapter." Of course if the Veterans' Administration was represented in the cause, such formal notice would be waived. However, where, as here, the Veterans' Administration did not receive notice and no notice was given, and it did not appear by counsel, agent, or in any other manner, the judgment of the ordinary allowing $125 was a nullity and, it being material to the interest of the plaintiffs in error that they be heard upon the issue of allowing the expenses and attorney's fees, such judgment is held

void by this court. Code, § 110-709; *Spooner* v. *Spooner,* 178 *Ga.* 105 (172 S. E. 5); *Yeomans* v. *Williams,* 117 *Ga.* 800 (45 S. E. 73); *Weaver* v. *Webb,* 3 *Ga. App.* 726 (60 S. E. 367); *McBride* v. *Bryan,* 67 *Ga.* 584. The prima facie validity of the judgment of the ordinary was negatived by uncontradicted evidence, and must be and is treated as void. *Fussell* v. *Dennard,* 118 *Ga.* 270 (45 S. E. 247); *Powell* v. *Harrison,* 180 *Ga.* 197 (178 S. E. 745). The judge therefore erred in overruling the caveat to the guardian's return for the reason that the Veterans' Administration was not given the proper notice to be heard on the petition for allowing expenses and fees out of the ward's estate, and also erred in overruling the motion for new trial.

It might be noted that generally the ordinary of the county of the domicile of a minor having no guardian shall have the power of appointing a guardian of the person and property, or either, of such minor. Code § 49-105. In other words, the infant's place of residence at the time when a guardian is to be appointed determines the jurisdiction. Hence the ordinary who appointed the first guardian of a ward may not always appoint his successor. 1 Schouler's Domestic Relations, 930, § 831; Harding *v.* Weld, 128 Mass. 587; Brown *v.* Lynch, 2 Bradf. (N. Y.) 214. However, after jurisdiction to appoint a guardian has once been exercised, a new guardian can not be appointed until the letters of the former guardian have been revoked. *Selman* v. *Selman,* 6 *Ga.* 432 (4). But the relation of guardian and ward is necessarily terminated by the death of either the guardian or the ward, and if the relationship is terminated by the death of the guardian, it is the duty of the guardian's personal representative to render an account and turn over the property in his hands to the proper person; and the guardianship continues, in a sense, to exist for that purpose only. 25 Am. Jur. 37, 38, § 53. Quære: Where the guardian of the person and property of minors has his residence in the county where he was appointed, and his wards reside with their mother in another county, and the guardian dies, which ordinary has jurisdiction to appoint his successor? Redfearn on Administration, etc., 621, § 340 (rev. ed.) says: "As long as the ward retains his domicile in the county of the appointment, the ordinary of that county may appoint a new guardian upon the discharge [or death] of the old guardian. However, if both parents are dead, and if, after a guard-

ian has been appointed in the county of the domicile of such parents, the grandparents or other interested person should legally adopt the child and then remove to another county, the domicile of the child would become that of the adoptive parents. Then if the former guardian appointed in the county of the original domicile should resign [or die], when the ordinary accepted such resignation he would no longer have jurisdiction to appoint a new guardian." See, in this connection, *Churchill* v. *Jackson,* 132 *Ga.* 666 (64 S. E. 691, 49 L. R. A. (N. S.) 875, Ann. Cas. 1913E, 1203); *Beard* v. *Dean,* supra; Grice on Executors, etc., 341 et seq.

A new trial is granted on the issue of notice. It appearing that the evidence on the issue of whether the expenses and fees charged by counsel were beneficial to the wards and were chargeable to their estate will in all probability be different on another trial when the Veterans' Administration is given an opportunity to be heard, and perhaps counsel for defendant in error will present additional evidence, no ruling is now made on that issue.

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*