Chappell, adm'r, *vs.* Akin.

---

WILLIAM H. CHAPPELL, adm'r, etc., plaintiff in error, *vs.* WILLIAM S. AKIN, defendant in error.

When a bill was filed by a creditor against an executor, praying for an injunction and the appointment of a Receiver, alleging that the executor was *insolvent*, unmarried, extravagant, engaged in no settled business, and intending soon to move to Honduras, and was badly managing his own business, as well as that of his testatrix, that he had said he would sell the property of his testatrix, realize the money, and leave without paying any of the debts of the estate : *Held*, that the Court below erred in dismissing the bill.

Equity. Receiver. Decided by Judge HARRELL. Webster Superior Court. March Term, 1869.

Chappell, as administrator *de bonis non* of the estate of Septimus W. Sanders, deceased, by his bill, made the follow-

Chappell, adm'r, *vs.* Akin.

ing averments: On the 23rd of February, 1864, William
S. Akin, of said county, made and delivered to said Sanders
his promissory note for $3,400 00, upon which a judgment,
in favor of Sanders, was rendered in September, 1866, for
$1,000 00; that William S. Akin appeared, giving, as his
security, Elizabeth Akin, who afterwards died testate, own-
ing personalty and realty worth say $5,000 00; that, by said
will, she nominated her son, said William S. Akin, as her
executor, and bequeathed to him, for life, the *residuum*, (except
the cash on hand,) after paying her debts; that, on the 4th o
February, 1867, said William S. Akin obtained his letters as
such executor ; that some time thereafter he sold the person-
alty for cash, (of which he made no return ;) that, on the 2nd
of September, 1867, he obtained an order for the sale of the
realty, consisting of one thousand acres of land in said county,
and thereunder he has advertised the lands for sale, that no
debts are pressing on said estate so as to necessitate the sale
of the lands, that said William S. Akin has given no security
as executor, is wholly insolvent, extravagant, unmarried, in
no settled ·business, and, (as the complainant believed,) in-
tended moving to Honduras, that he is mismanaging his
own business, and that of the estate, and, (as complainant is
advised,) has said that he would sell the testator's property,
get the proceeds, and leave without paying any of the debts;
that he will recover on said note, and wishes to bind said
property to pay the eventual condemnation money.    He
prays an answer from said William S. Akin, as to what he
had gotten from said estate, and what he had done with it,
and that a Receiver be appointed to receive the assets of the
estate, and collect the rents of said lands, until said executor
should give security for his proper management of the estate,
or, if he failed so to do, until an administrator *cum testa-
mento annexo* should be appointed, and that meanwhile said
executor be enjoined from selling the lands, and from man-
aging the assets of the estate.

(The will gave this property to said executor for life, not
subject to his debts, contracts, or liabilities, with remainder
to his children alive when he died, or, upon failure of such

children, then to Mary L. Cato and her children.)   Judge
John T. Clark sanctioned the bill and appointed a Receiver,
requiring him to give bond, and ordered injunction to issue
as prayed for, and that said executor surrender the assets to
the Receiver, unless the executor gave bond for the faithful
discharge of his duties as such executor, *provided* complainant
should give to said executor bond of indemnity against dam-
age by reason of said injunction and Receiver.

No answer was filed.   The complainant's solicitors moved
to take said bill *pro confesso.*   Upon hearing the bill, the
Court refused to grant such order, and further, upon his own
motion, dismissed the bill.   The record does not show upon
what ground he made the dismissal; but it was said, in argu-
ment, that he did so because there was no equity in the bill.
The refusal of the order and the dismissal are assigned as
error.

J. S. WIMBERLY, S. H. HAWKINS, for plaintiff in error,
cited Johns vs. Johns, 23 Ga. R., 31.

BLANFORD & MILLER, for defendant.

WARNER. J.

The error assigned to the judgment of the Court below,
in this case, is the dismissal of the complainant's bill.   A
Court of Equity, in this State, may, by writ of injunction,
restrain the action of a private individual which is illegal
or contrary to equity and goods conscience, and for which no
*adequate* remedy is provided at law : Revised Code, sec. 3149.
The defendant was the debtor of complainant against whom
a verdict had been recovered for $1,000.   The defendant had
entered an appeal from that verdict, giving his testatrix, who
was then living, as his security for the eventual condemna-
tion money,   After her death, he became her executor, and,
from the allegations made in the complainant's bill, equity
and good conscience require that he should be *restrained* from
squandering, and disposing of the property of his testatrix,
so as not to defeat the collection of the complainant's debt

when his remedy at law, under the peculiar facts of the case, would not be adequate for his complete protection. In our judgment, it was error in the Court below in dismissing the complainant's bill.

Let the judgment of the Court below be reversed.