HARRIS *et al. v.* COLE *et al.*

LITTLE, J. 1. Where a testator, after directing the payment of his debts, devised all of his realty and, save as to certain pecuniary legacies, all of his personalty to his wife for life or widowhood, with remainder to named children, and declared that they might occupy the lands with her "so long as they agree and want to," and appointed her executrix; and, after his death all the devisees remained in possession of the land devised until the death of the widow: *Held,* nothing more appearing, that there was no such assent by the executrix to the devises in remainder as would prevent a due administration of the estate for the payment of debts, or force creditors to collect their claims by seeking an abatement of such devises. Schouler's Ex. § 488 ; 2 Woerner's Am. § 453 ; 2 Williams' Ex. 685–6–7 ; *Jordan* v. *Thornton,* 7 *Ga.* 517, 520.
2. An administrator de bonis non, cum testamento annexo, who under such circumstances obtained from the court of ordinary an order authorizing a sale of the lands to pay debts, had the right to sell thereunder, and a sale by him by virtue of such order was good, unless, at the time the sale took place, the lands were held adversely to the administrator.
3. One who asserts that such adverse possession existed is under the burden of proving that fact affirmatively, when as plaintiff in ejectment he is seeking to recover the property held in possession by the purchaser at such administrator's sale. This burden, which rested upon the plaintiffs in this case, was not successfully carried.

4. It does not appear that the court committed any error in directing the verdict to which exception was taken.

*Judgment affirmed. All the Justices concurring.*

Argued November 12, — Decided December 11, 1901.

Complaint for land. Before Judge Janes. Paulding superior court. August 6, 1901.

*W. A. James,* for plaintiffs.
*W. E. Spinks* and *J. S. James,* for defendants.