### HALL v. EWING.

The evidence demanded a verdict for the defendant, and the court did not err in so directing. None of the assignments of error on the admissibility of evidence require a reversal.

No. 1461. JANUARY 15, 1920.

Complaint for land. Before Judge Highsmith. Appling superior court. January 23, 1919.

W. C. Hall filed suit against G. W. Ewing, to the October term, 1916, of the superior court, to recover 200 acres of land of lot No.

303 in the second district of Appling county. Lot No. 303 was granted by the State to Instance Hall on May 21, 1844. Instance Hall executed his will on January 22, 1880, devising all his real estate consisting of lots 273 and 303 in the second district of Appling county, Georgia, to Mary E. Hall, his wife, and his children by her, to wit, Mary, Maggie, J. G., and W. C. Hall. The wife was named as executrix of the will. Instance Hall died in 1885, and his will was probated in solemn form by the executrix. The executrix moved to South Carolina, and died in that State in 1866. She left no will, and her heirs at law were Mary, Maggie, J. G., and W. C. Hall. On January 1, 1914, Mary, Maggie, and J. G. Hall conveyed by warranty deed all their interest in said lot No. 303 to the plaintiff, W. C. Hall. J. G. Hall, the youngest child of Instance and Mary E. Hall, was twenty-one years old on August 1, 1900. In 1885 the executrix (she having qualified, and the will having been probated in solemn form) applied to the court of ordinary of Appling county for an order to sell all lot of land No. 303, alleging that it was necessary to sell the land for the purpose of paying the debts of the estate, and that the creditors of the estate were insisting upon the payment of the debts. The executrix prayed that "a citation may issue, calling upon all persons interested to file their objections, if any, why said leave to sell said lot of land shall not be granted." Upon this application citation issued, and at the August term, 1885, of the court of ordinary, the ordinary passed an order reciting that the citation had been published as required by law; that no objections had been filed to the granting of said application; that it appeared to be "necessary for the purpose of paying debts and making distribution among the heirs [devisees] of said deceased that said land be sold," and that leave be granted the executrix "to sell the land belonging to said estate lying in said county, unimproved land, containing 490 acres, more or less, and No. 343 in 2nd district." Thereafter the executrix advertised for sale, under and by virtue of said order, lot No. 303 in the second district of Appling county, and the same was sold by the executrix to LaFayette Johnson, on the first Tuesday in September, 1885, before the court-house door in Appling county and during the legal hours of sale. The executrix executed to the purchaser a deed conveying lot No. 303 in the second district of Appling county. The purchaser went into

immediate possession of lot No. 303, and exercised acts of owner-ship thereon from and after that date. On July 5, 1897, LaFayette Johnson filed a petition in the court of ordinary of Appling county, against the devisees of Instance Hall, then in life, alleging that the order under which the executrix sold lot No. 303 by in-advertence described the lot as No. "343." He prayed that the original order and the record thereof be corrected in accordance with the application of the executrix. Upon this petition a rule nisi was granted, calling upon the devisees to show cause before the court of ordinary on the first Monday in August, 1897, why the record should not be corrected as prayed. Service of the petition and rule nisi was acknowledged by Maggie Hall (then Maggie Johnson), and was perfected by the sheriff of the county on W. C. Hall, J. G. Hall, and Mary Hall (then Mary Sweat). At the August term, 1897, of the court an order was granted reciting that Mary Sweat and J. G. Hall were minors, and appointing Will Sweat, the husband of the former, as guardian ad litem for said minors. The guardian ad litem accepted service of the petition and rule nisi; and thereupon the court of ordinary in open court granted an order and judgment on the application, reciting that a mistake had been made by the ordinary, and ordering the original judgment granting leave to the executrix to sell and the record thereof to be corrected as prayed. No exception was taken to this judgment, and no direct proceeding was either then or thereafter filed to set it aside. On June 20, 1913, LaFayette Johnson con-veyed by warranty deed 200 acres of lot No. 303 to G. W. Ewing, the defendant in the present suit. At the conclusion of the evidence the court directed a verdict for the defendant. The plaintiff made a motion for new trial, which was overruled, and he excepted.

*Gordon Knox* and *Padgett & Watson,* for plaintiff.

*W. W. Bennett* and *John C. Bennett ,* for defendant.

GEORGE, J. The evidence did not require, even if it authorized, the jury to find that the defendant had acquired a prescriptive title to the land. Did the defendant show legal title to the land? It is contended that the court of ordinary was without jurisdiction to order a sale of the devised real estate, in the absence of allegation and proof that the personalty of the estate was insufficient to pay the debts. The court of ordinary in the administration of estates, testate and intestate, is a court of general jurisdiction; and unless

negatived by the record, every necessary jurisdictional fact is presumed in favor of the validity of its judgments. If it be true, therefore, as contended by the plaintiff, that the court was without jurisdiction to order a sale of the devised land, in the absence of a showing that the personalty belonging to the estate was insufficient to pay the debts, the order granting leave to sell the land, by reason of the presumption, will sustain itself against collateral attack by parties or privies. *Wash* v. *Dickson,* 147 *Ga.* 540 (94 S. E. 1009), and cases there cited. The court of ordinary may order the sale of devised real estate for the purpose of paying the debts, provided it be necessary to sell the same for such purpose. *Harris* v. *Cole,* 114 *Ga.* 295 (40 S. E. 271). The obvious reason is that the right of the creditor is superior to the right of the devisee to take under the will and to the right of the testator to dispose of his property by the will. In the present case the ordinary granted leave to sell the devised lands for the purpose of paying debts and for distribution. Under the will of the testator the executrix was directed to pay the debts without delay, and to make an equal division between the devisees. It is therefore apparent that under the terms of the will the duty of selling for distribution, if the lands could not be divided in kind, devolved upon the executrix. Civil Code, §§ 3681, 3892. Whether the court of ordinary has jurisdiction to order the sale of devised realty for the purpose of distribution, even where the realty can not be divided in kind, where no duty of selling for distribution is placed by the will upon the executrix, is a question not necessarily involved in this case. See *Beaty* v. *Stapleton,* 110 *Ga.* 580 (35 S. E. 770). On the question of collateral attack, see *Copelan* v. *Kimbrough,* ante, 683.

2. It is further contended that the sale of the devised lands was not authorized by the judgment of the ordinary, conceding its validity, and that the deed made to the purchaser at such sale was therefore void and inadmissible in evidence. It is also contended that the proceedings filed to correct the judgment under which the land was sold, and the order of the ordinary in 1897 correcting the judgment as prayed, were ineffectual for that purpose, because the guardian of the person and property of the minor devisees appointed by the ordinary of Pierce county was not made a party to the proceeding. The minors themselves were

served personally, a guardian ad litem was appointed for them, and service duly accepted by such guardian ad litem. It does not appear that the guardian of the person and property of the minor devisees did not have actual notice of the proceeding to correct the judgment, and, if a party, that he could have offered any legal objection. Indeed, no objection was urged at the trial why the judgment should not have been corrected as prayed. The application of the executrix correctly described the land which she desired to sell as lot No. 303." The order granting leave to sell specifically recites that it was necessary that "said land" be sold. In terms the order described the land as an unimproved lot; and it appears without dispute that the testator never owned lot 343 in the second district of Appling county, but that he did own lot 303 in said district, and that lot 303 was the only unimproved lot owned by him. We think it obvious that the insertion of the figures "343" in the order granting leave to sell was the result of inadvertence or misadventure. So far as the record discloses, LaFayette Johnson paid full value for the land. With the money paid by him to the executrix the debts of the estate were presumably discharged. The sale was made in 1885; the order granting leave to sell was corrected in 1897, and the youngest of the devisees was of age in 1900. In such circumstances the sale by the executrix conveyed title to the land in dispute. This being true, the verdict for the defendant was demanded, and none of the rulings on the admissibility of evidence require a reversal of the judgment denying a new trial.

*Judgment affirmed. All the Justices concur.*