## MORRIS *v.* MOSELEY *et al.*

The creditor of a non-resident debtor, who is a distributee of an estate, can maintain a suit in equity for injunction and receiver, brought in the county of the administration of the estate in which the debtor has an interest, the suit being against the administrator, who, it is alleged, has absconded, and against the purchaser of the land belonging to the estate in question and constituting the bulk of the estate, where the purchaser referred to, being a non-resident, comes in and submits to the jurisdiction of the court.

No. 4865. June 20, 1925.

Petition for injunction. Before Judge Hodges. Madison superior court. April 3, 1925.

A. R. Morris filed his equitable petition in the superior court of Madison County, alleging as follows: W. M. Thompson is a non-resident of the State, and is indebted to him in the sum of

$561.85 on a promissory note, a copy of which is attached to the petition. W. M. Thompson is the son and heir at law of W. T. Thompson and Mrs. M. E. Thompson, both deceased, and is entitled to a one-seventh interest in their estates. On July 4, 1921, F. O. Thompson was appointed administrator of Mrs. M. E. Thompson, and later was appointed administrator de bonis non of W. T. Thompson. The estate of Mrs. Thompson has been fully administered, and the administrator named holds the fund thereof for distribution. The only return by the administrator was made on June 5, 1922, and it shows the disposition of only a small part of the estate. No return was made on the W. T. Thompson estate. Both of the above-named deceased persons were residents of said county, and both estates are being administered in the court of ordinary of Madison County. Recently F. O. Thompson absconded, left the State, and his whereabouts are unknown; he conceals himself, and no process can be served upon him. Prior to his leaving the State he had sold all the property of Mrs. M. E. Thompson, and had advertised property of W. T. Thompson for sale; and said property was sold on February 3, 1924, after he had absconded. B. T. Moseley, of Madison County, is attorney for F. O. Thompson, and has represented him as administrator of both estates in all phases of the administration and in all legal questions regarding same, and is still so representing him. Before leaving the State F. O. Thompson turned over to B. T. Moseley all books, accounts, statements, and all other papers pertaining to the administration of both estates; and the same are in his possession, custody, and control. F. O. Thompson authorized said attorney to conduct the sale of W. T. Thompson's land referred to above, consisting of 121 acres, and said land was sold by Moseley under said authority. F. O. Thompson authorized Moseley to collect the price received at said sale from the purchaser and deliver a deed when the same should be executed and delivered to him by F. O. Thompson; and authorized Moseley to prepare returns on both estates, distribute the proceeds, pay costs, and to do all acts necessary to the administration of the proceeds. The land was bought by P. R. Earl at said sale for about $3600, and the purchase-price has not yet been paid.

W. M. Thompson is totally insolvent, except for his distributive share in said estates, which is sufficient to pay petitioner's debt.

W. M. Thompson is a non-resident of this State, and his address is unknown to petitioner; and the only possible means for petitioner to collect his debt is out of his share of the estates mentioned. No process can be served upon him, and no personal judgment obtained against him. It will be impossible to collect the debt unless F. O. Thompson and his attorney and agent be restrained from paying this distributive share to W. M. Thompson. Unless the purchaser, Earl, be restrained from making payment for the land to any one except B. T. Moseley, the attorney and agent of F. O. Thompson, the administrator, this administrator could defeat the collection of petitioner's debt by collecting the purchase-price and making settlement with W. M. Thompson while he is out of the State and before he is served. Petitioner prays, that F. O. Thompson, as administrator, and B. T. Moseley be restrained from paying over to W. M. Thompson his distributive share of the estates, and from removing any part of it out of this State and the jurisdiction of the court; and that they be required to make returns showing the amount due W. M. Thompson as a distributee of both estates, and, in the event a receiver is appointed, that the distributive share of W. M. Thompson be turned over to said receiver; that Earl be enjoined from making settlement out of this State and from making settlement with any one except the defendant Moseley; that a receiver be appointed to take charge of the distributive share of W. M. Thompson; that petitioner have judgment against W. M. Thompson and against the money coming into the hands of F. O. Thompson, as administrator, for the amount of petitioner's debt.

Moseley alone of the defendants answered. He acknowledged having possession of the books and receipts of the administrator, but he averred that this was purely for the purpose of making the administrator's return. He denied that he had authority to make the deed referred to or to receive the purchase-price. He also alleged that he had no interest in the controversy, and that there was no reason for retaining him as a party to the suit. He also demurred on the grounds, that it appeared from the petition that he was not a proper party; that the petition was multifarious; that the court was without jurisdiction; that the only parties against whom relief was sought were non-residents; that he was the only party who had been served.

The case was passed at the appearance term, but subsequently, at chambers, the judge rendered the following judgment: "At chambers, Hartwell, Ga., April 3, 1925. The within and foregoing named case, the same being an application for an injunction and the appointment of a receiver, came on to be heard at the March term, 1925, of Madison Superior Court, and in pursuance of a proper order taken the judge of said court was to pass upon all questions of law and fact in vacation, and to decide the same upon the pleadings and affidavits submitted. After giving said case mature consideration it is ordered that in view of the demurrer filed in said case said application for temporary injunction and the appointment of a receiver be and the same is hereby denied."

*J. T. Murray,* for plaintiff.  *B. T. Moseley,* for defendants.

BECK, P. J. (After the foregoing statement of facts.) We are of the opinion that under the pleadings and the evidence submitted, the plaintiff was entitled to an injunction and the appointment of a receiver. Earl, who was the purchaser of the lands of the estates of the decedents, in which W. M. Thompson, the debtor, had an interest, was a non-resident of Georgia, but came in, acknowledged service, and submitted to the jurisdiction of the court. The estates involved and the administration were located in Madison County. It is shown by uncontroverted evidence that F. O. Thompson, the administrator, had absconded. It is true that B. T. Moseley, one of the defendants, who is in possession as an attorney of the books and receipts of F. O. Thompson, the administrator, for the purpose of making returns of the administrator, says in his answer that F. O. Thompson is a resident of another State. He does not say which State; does not say when he became a resident of some other State, and does not deny that this administrator had absconded. If the equitable relief sought by this petition is not granted, what effectual relief can petitioner have? That he is a creditor to the amount of five or six hundred dollars is not denied. It is suggested that there is no allegation in the petition of the insolvency of the administrator or his bondsmen, and that his bondsmen are in Madison County. But if Earl, the purchaser of the land, is permitted to pay over the money to the administrator while he is in some other State and receive from him a deed, and the administrator pays over this money to W. M. Thompson, petitioner's debtor, petitioner could have no relief

by suit on the administrator's bond. We think it makes a clear case for the interposition of a court of equity. For, if a court of equity withholds its aid, an absconding administrator can settle with a non-resident distributee of the estate and defeat a creditor whose debt is represented by a promissory note. The ordinary course of procedure is not open to the creditor in this case. Our Civil Code provides: "For every right there shall be a remedy; and every court having jurisdiction of the one may, if necessary, frame the other." § 5506. "Equity will not interfere with the regular administration of estates, except upon the application of the representative, either, first for construction and direction, second for marshaling the assets; or upon application of any person interested in the estate where there is danger of loss or other injury to his interests." § 4596. "A court of equity may appoint a receiver to take possession of, and hold subject to the direction of the court, any assets charged with the payment of debts, where there is manifest danger of loss, or destruction, or material injury to those interested. Under extraordinary circumstances, a receiver may be appointed before and without notice to the trustee or other person having charge of the assets. The terms on which a receiver is appointed shall be in the discretion of the chancellor." § 5479. "When it is admitted that a debtor is utterly, hopelessly, and irretrievably insolvent, and that the only means of obtaining payment is by the appropriation of his interest in a deceased ancestor's estate, and that this remedy will be unavailing unless the administrator is enjoined from settling with the debtor and paying over to him his distributive share, chancery will interfere and grant an injunction, notwithstanding no judgment at law has been established." *Lawson* v. *Virgin,* 21 *Ga.* 356. "When a bill was filed by a creditor against an executor, praying for an injunction and the appointment of a receiver, alleging that the executor was insolvent, unmarried, extravagant, engaged in no settled business, and intending soon to move to Honduras, and was badly managing his own business, as well as that of his testatrix, that he said he would sell the property of his testatrix, realize the money, and leave without paying any of the debts of the estate: *Held,* that the court below erred in dismissing the bill." *Chappell* v. *Akin,* 39 *Ga.* 177. It is true there is no evidence of insolvency of the administrator in this case, or that he is extravagant, or that he

is engaged in no settled business, nor that he is intending soon to move to Honduras, nor that he is badly managing his own business; but the allegation and proof that this administrator has absconded supplies those essential allegations in the bill under consideration in the *Chappell* case, supra. The petitioner himself deposed that F. O. Thompson, administrator, "a resident of Madison County, Georgia, absconded about January 15, 1925, and the efforts to locate his present abode have failed." The sheriff of the county deposed: "About January 15, 1925, I was given a rule nisi in the case of Mrs. Bessie Latty Thompson *v.* Odell Thompson (who is the same person as F. O. Thompson), for the purpose of serving the same upon Odell Thompson. I made diligent search and inquiry, but could not find the defendant, nor get any information as to where he was; and my information is that he has left the State. This paper is still in my possession, and I have never succeeded in locating him."

The court in its order merely refused the injunction and receiver, and did not pass upon the special demurrer of the defendant, B. T. Moseley, raising the question as to whether he was a proper party. And as the court below did not pass upon this question, we do not do so now; because, whether he is retained as a party defendant or not, the court had jurisdiction of the case, under the pleadings and proof.

*Judgment reversed. All the Justices concur, except Gilbert, J., absent for providential cause.*