STANLEY *et al.* v. METTS, administrator, *et al.*

No. 6875. September 20, 1929.

*Chappell & Chappell* and *L. L. Porter,* for plaintiffs.
*Thomas W. Hardwick* and *E. W. Jordan,* for defendants.

Russell, C. J.  Raiford Stanley and his wife Martha were two colored landowners of Laurens County. They were not joint owners; each had a separate farm of about 50 acres. Raiford died in 1918. Martha died December 27, 1925. Raiford owed no debts at the time of his death. Martha's farm was encumbered with a 33-year loan of $500, and she owed a small sum for fertilizer; though it does not appear that there was danger of any impending injury to either estate, as provided for in the Code, § 3967, when on January 4, 1926 (one week from the date of the death of Martha), N. P. Metts applied for letters of administration on the estates of both of these negroes. The application was based in each instance upon the sole qualification growing out of his relation as "next friend." Citation issued, and letters of administration were granted to Metts. He proceeded to advertise for sale both of the farms, and at the sale both were purchased by the son of the administrator for the aggregate sum of $250; $200 for the land of the husband, and $50 for the wife's land on which the loan for $500 was outstanding. All parties engaged in the transaction up to this point seem to have been well satisfied. But in December, 1927, the children and grandchildren of Raiford and Martha, some eight in number, filed the petition now before us. They allege that they are all the heirs at law of Raiford Stanley and of Martha Stanley; that they have paid all of the expenses of the last illness and burial of Martha Stanley, and they would have paid the small debt of about $14 for fertilizer had not administration intervened; that the reason why they did not file objections to the appointment of Metts as administrator was that they were "ignorant negroes and unacquainted with the processes of the law,

and not knowing that there was no necessity for administration upon either of said estates, and not knowing that said Metts had no right to be appointed as said administrator." They plead that the appointment of Metts as the administrator on both estates was illegal and void, by reason of the fact that he was not a creditor, had no interest whatever in either estate, and the heirs at law never consented in writing for him to be appointed, and that all his acts under said illegal appointment were null and void. The petition sets up that the true value of the 50 acres of land belonging to Raiford Stanley and sold for $200 was $1000, and that the value of the land of Martha Stanley sold for $50 was $500 over the encumbrance of the loan to the Federal Land Bank; that the administrator colluded and confederated with his son to defraud petitioners out of their patrimony; that one of the petitioners, Purvis Stanley, representing them, attended the sale for the purpose of bidding in the lands for petitioners, and would have bid $250 in excess of the loan on the Martha Stanley tract, and $750 for the Raiford Stanley tract, had not the administrator and his son chilled the bidding; that the administrator's son, who was the purchaser, approached the agent of the Stanleys, and in the presence of the administrator stated to said agent that he was going to buy the lands himself, and requested the agent of petitioners not to bid against him, and by other statements and representations discouraged and deterred said agent from bidding thereon; that J. F. Watson Jr. attended the sale for the purpose of bidding on these lands, and E. V. Metts by divers and sundry statements and representations chilled and discouraged and deterred Watson from bidding; and that the sale was void and constitutes a cloud on petitioners' title. The prayers were that the administrator's deed be delivered up and canceled as fraudulent; that Metts be restrained and enjoined from selling the land or creating any lien thereon, or changing the status, or attempting to oust petitioners of possession; that the letters of administration issued to Metts be decreed to be null and void; and for general relief.

The court held that the appointment of Metts was not void; but granted an interlocutory injunction conditioned upon the petitioners giving bond to indemnify Metts, the purchaser, against any loss accruing by reason of their occupancy of the premises. Exceptions pendente lite were filed. At the trial the petitioners offered in

evidence the application and order appointing Metts, as next friend of the decedents, administrator. The court refused to admit this evidence. The petitioners offered in evidence the testimony of Gracie Stanley, who would have sworn that the personalty of the estates of Raiford Stanley and Martha Stanley was sufficient to pay their debts, and that there was no necessity for a sale of the realty. The court refused to allow this testimony. On motion of the defendants the court awarded a nonsuit. The petitioners excepted to each of the rulings stated.

The headnotes state our rulings.

*Judgment reversed. All the Justices concur.*