SALWAY *v.* McELRATH *et al.,* administrators.

No. 9155.  FEBRUARY 21, 1933.

*John R. L. Smith, Joseph LeConte Smith,* and *J. W. Barnett,* for plaintiff.

*Jones, Jones, Johnston & Russell* and *Charles M. Cork,* for defendant.

BECK, P. J.  On September 14, 1925, in Florida, G. C. Stout and his wife executed and delivered to Marea E. Bulgin their promissory note for $3500 principal, payable on September 14, 1926. On the same date the Stouts, in Florida, executed and delivered to Mrs. Bulgin their mortgage deed conveying and mortgaging to her certain lands located in Florida, to secure the payment of that note, a complete copy of which was incorporated in the mortgage.  The mortgage contained certain express covenants and agreements, among others, to pay the principal and interest, to pay all taxes, assessments, etc.  It was duly recorded.  On October 20, 1925, the Stouts, being then the owners of the mortgaged land, sold it to H. M. McElrath (the defendants' intestate) and conveyed it to him by warranty deed executed in Florida.  The deed contained this clause: "This deed is given subject and subsequent to a certain mortgage given to Marea E. Bulgin, dated September 14, 1925, for $3500, evidenced by a promissory note of even date. . . In accepting this deed the party of the second part [McElrath] hereby assumes and agrees to pay said mortgage."  McElrath accepted the deed and took title to the land and held title and possession for a number of years; and his estate now has the title.  On August 5, 1929, Mrs. Bulgin made a conveyance of the note and mortgage to the plaintiff, Mrs. Salway, who thereupon became the owner of all the right, title,

and interest of Mrs. Bulgin in the mortgage and note, and is now the owner and holder thereof. The Stouts are non-residents of Georgia, and are not within the jurisdiction of the court. Mrs. Bulgin is a resident of Oregon. Mrs. Salway brought her petition against J. M. and R. J. McElrath, administrators of the estate of H. M. McElrath, and prayed for judgment and decree. She offers, upon the satisfaction of such decree as the court may render in her favor, to surrender and deliver the note and mortgage and to transfer them to such person or persons as the court may direct; and offers to execute and deliver such receipts, acquittances, etc., to such person or persons as the court may direct. The note is past due and unpaid. The petition was demurred to upon the ground that it set forth no cause of action, and disclosed no equity in favor of the plaintiff against the defendants; and that there was a nonjoinder of essential parties, in that the Stouts and Mrs. Bulgin were not made defendants. The court sustained the demurrer and dismissed the petition; and the plaintiff excepted.

Under the facts alleged, the petition was not subject to general demurrer, or to the demurrer on the ground that there was a nonjoinder of parties. While the prayers are such as are appropriate to an action at law (that is, a money judgment is prayed against the defendant), there is also a general prayer for "such other and further relief as to the court may seem meet and proper and as the exigencies of the case may require." Nevertheless, in view of the allegations of the petition, the petition is equitable in its nature, as it shows the relationship of the parties to the debt in question, and the note and mortgage securing its payment. The plaintiff has a clear equitable right to a judgment and decree for the amount of money stated as due her. Her right to this money judgment is unquestionable. The assumer of the obligation contained in the deed from the Stouts to McElrath has imposed upon him such a liability for a fixed amount with interest as, under many decisions of this court, would authorize the plaintiff in an equitable proceeding to recover a judgment and decree for the same. If the Stouts and Mrs. Bulgin had been made parties, the petition would undoubtedly be one in equity, and should be regarded as such here, where the relationship of the parties last named to the debt is shown; but the actual making of them parties defendant is excused by the fact of their non-residence and their being beyond the jurisdiction of the

court. See *Dallas* v. *Heard,* 32 *Ga.* 604; *L. & N. R. Co.* v. *Nelson,* 145 *Ga.* 594 (89 S. E. 693) ; *Reid* v. *Whisenant,* 161 *Ga.* 503 (131 S. E. 904) ; *Footman* v. *Pray, R. M. Charlton,* 291; *Smith* v. *Mitchell,* 6 *Ga.* 458; *Carey* v. *Hoxey,* 11 *Ga.* 645; 20 R. C. L. 677; 16 Cyc. 192. While it may be that the cases cited are not precisely the same upon the facts, they do state principles which sustain the ruling here made. The court erred in sustaining the demurrer and dismissing the action. *Judgment reversed. All the Justices concur.*