## GRANT *v.* NEW YORK LIFE INSURANCE COMPANY.

No. 10152.   June 14, 1934.

*Winfield P. Jones,* for plaintiff in error.

*Bryan, Middlebrooks & Carter* and *W. F. Smith Jr.,* contra.

GILBERT, J.   New York Life Insurance Company brought this suit against John A. Grant, seeking to recover the sum of $500.19, the unpaid balance on a larger sum secured by a mortgage on real estate situated in the State of Florida.   The mortgage was executed by Robert C. and Mary C. Frost.   Grant purchased the equity of redemption, and assumed the obligation to pay the amount due the mortgagee.   After stating the aforesaid facts, the petitioner alleges "that it has no full, complete, adequate remedy at law," and that demand has been made for payment; and "prays for a judgment against John A. Grant for the said sum of $500.19, with interest from June 7, 1932, and that process issue directed to the defendant, requiring him to be and appear at the next term of this

court to answer the petition." The mortgagors were not made parties, for the reason, as alleged, that they were residents of the State of Florida and not subject to the jurisdiction of the court.

Defendant demurred specially to the allegation that petitioner was without an adequate remedy at law, on the ground that it stated a legal conclusion without facts to substantiate it; and that under the guise of a proceeding in equity the plaintiff was attempting to procure a judgment at law against the defendant, while it could not proceed at law because of the lack of privity between plaintiff and defendant under the contract declared on, due to the absence of the mortgagors as indispensable parties to an action in equity; and also to the allegation that the mortgagors are residents of Florida and not subject to the jurisdiction, on the grounds that the same is immaterial, irrelevant, and fails to convert the suit from one at law to an action in equity, and that said allegation should be stricken because said mortgagors are indispensable parties. He also demurred on the ground that the petition does not set forth a cause of action, because it shows that as to the contract sued upon there is a lack of privity between the plaintiff and defendant, and that plaintiff can not proceed in equity without joining the mortgagors. All demurrers were overruled, and the defendant excepted.

This case is controlled by *Salway* v. *McElrath,* 176 *Ga.* 523 (168 S. E. 233). See also *Adams* v. *Lee County Bank & Trust Co.,* 178 *Ga.* 154 (172 S. E. 224). Accordingly the court did not err in overruling all general and special demurrers to the petition. The only distinction between this and the *Salway* case is that in the *Salway* case the petition contained a prayer for general relief. In this case the petition did not, but merely prayed as quoted. In view of the allegations of the petition, it can not be held that the omission of a prayer for general relief will deprive the petitioner of equitable relief, where the allegations show that only a court of equity has power to grant the relief sought, and that such was the only relief that could be sought.

The request of the plaintiff in error that *Salway* v. *McElrath,* supra, be reviewed and overruled is denied.

*Judgment affirmed. All the Justices concur.*