HALL *et al. v.* HALL *et al.*
CRICK *et al. v.* HALL *et al.*

Nos. 16122, 16124. April 16, 1948. Rehearing denied May 14, 1948.

658

662

*Joseph B. McGinty*, for Hall *et al.*

*J. T. Sisk*, for Crick *et al.*

ATKINSON, Justice. (After stating the foregoing facts.) ■ The first question submitted to the jury was, "Are the plaintiffs entitled to have the deed from Mrs. Susie Jim Hall, as guardian of plaintiffs dated blank day of March, 1934, to Mrs. Warren P. Crick . . set aside and canceled and the title to said lands decreed to be in the plaintiffs?" The court directed the jury to answer that question in the affirmative, "because under the law and the evidence, the plaintiffs are entitled to the land."

The next question was, "Are the plaintiffs entitled to recover the issues, rents, and profits for the lands involved in this case from the time of the conveyance mentioned above to this date?" The court also directed the jury to answer that question in the affirmative.

The first and second special grounds of the motion for new trial complain that the direction of a verdict answering the above questions in the affirmative was contrary to law, because the evidence raised questions of fact which should have been submitted to the jury. It was further insisted, in reference to the first question, that the court of ordinary had jurisdiction to determine the question of the granting of an order to compromise the Hall suit, as provided in the order, and such a judgment being conclusive, the superior court could not entertain an attack upon the same.

"Where an instrument of writing was executed as a deed, was attested by two witnesses, one of whom was an officer authorized to witness deeds, purported on its face to have been delivered, and was recorded, this raised a presumption of delivery; but this

presumption is not conclusive, and as between the parties to the instrument it may be rebutted." *Shelton* v. *Edenfield,* 148 *Ga.* 128 (2) (96 S. E. 3); *Bracewell* v. *Morton,* 192 *Ga.* 396 (2) (15 S. E. 2d, 496); *Allen* v. *Bemis,* 193 *Ga.* 556 (2) (19 S. E. 2d, 515). "No formal words are necessary to create a trust estate. Whenever a manifest intention that another person shall have the benefit of the property is exhibited, the grantee shall be declared a trustee." Code, § 108-102. "Where, at the request of a grantor, a person named as trustee in a deed which creates a trust enters his acceptance of the trust created, upon such deed, such acceptance presumes conclusively a delivery of such deed by the grantor to the trustee." *New South Building & Loan Assn.* v. *Gann,* 101 *Ga.* 678 (2) (29 S. E. 15).

The trust deed in the present case was introduced in evidence. It was dated April 27, 1918, and duly recorded the following May 7. G. P. Hall, the only witness who testified as to the delivery of the trust deed, neither denied that the signature thereto was that of his father, nor did he refer to or deny that the signature contained in the endorsement accepting the trusteeship was his signature. His negative testimony that he had not seen the deed, that the grantor did not deliver it to him, and that the first time he knew it was on record was about eight months after his father died, was insufficient to overcome the presumption that the deed was duly executed and delivered.

The judgment of a court having no jurisdiction of the person and subject-matter, or void for any other cause, is a mere nullity, and may be so held in any court when it becomes material to the interest of the parties to consider it. Code, §§ 110-709, 110-701. Guardians may sell estates of their wards for reinvestment, by order of the judge of the superior court. § 49-203. But "all other sales of any portion of the property of the ward shall be made under the direction of the ordinary, and under the same rules and restrictions as are prescribed for sales by administrators of estates." § 49-205. See, in this connection, *Powell* v. *Harrison,* 180 *Ga.* 197 (178 S. E. 745), involving the petition of a guardian for leave to sell realty as property of her wards for their "maintenance, education, and support." It was there held, in the fourth headnote: "The court's charge that 'It is admitted

by the counsel for defendant that the citation was not run, and therefore the order authorizing the sale of this land would be void,' was not erroneous for the reason, as contended, 'that the judgment of the court of ordinary authorizing the sale, and a sale in conformity to his orders, was all that was necessary in order for the sale to be valid,' and that 'a direct attack on the judgment was necessary, before it could be set aside.' "

In the case under consideration, neither the petition for leave to sell nor the order by the court of ordinary granting such permission made reference to the publication of any notice, and the uncontradicted evidence shows that the entire transaction leading up to the guardian's sale took place in a matter of two or three days, which would have rendered it impossible to have advertised the property. Furthermore, the defendants by their answer admitted paragraphs 32 and 34 of the petition, wherein it was alleged that the sale by the guardian was not advertised, either prior to or after the grant of leave to sell.

Each of the prior suits referred to in the petition, as did the present case, attached a copy of the trust deed as an exhibit. The petition filed January 16, 1932, by Hoke Smith Hall, the life tenant under the deed, against G. P. Hall, alleged that the defendant "duly accepted said trust in writing; that the petitioner was more than twenty-one years of age; and that under the deed the defendant was required to deliver possession of the property to the petitioner. Paragraph 7 of G. P. Hall's answer to that suit was: "That the plaintiff is in possession of said premises under said deed and defendant claims no interest whatsoever in and to the same." At an interlocutory hearing G. P. Hall was enjoined from interfering with the possession of the petitioner. Therefore it appears from the pleadings in prior cases, copies of which were introduced in evidence, that the life tenant thus obtained possession of the premises from the trustee named in the trust deed. The present defendants, G. P. Hall and Mrs. Crick, do not deny that the above possession was held by the life tenant and his widow until execution of the quitclaim deed which is now before the court.

In the light of what has been said, the pleadings and evidence in this case demanded a verdict finding that the petitioners were

entitled to have the deed from Mrs. Susie Jim Hall as guardian, dated a blank day of March, 1934, set aside, and to have title to the lands decreed to be in them. It necessarily follows that the petitioners were entitled to recover some amount as mesne profits. Accordingly, the trial court did not err, as complained of in the first and second grounds of the amended motion for a new trial, in directing a verdict in favor of the petitioners on this phase of the case.

■ The third special ground complains of the charge: "Now then, the next question three, 'How much,' that is 'how much rents, issues and profits are the plaintiffs entitled to recover in this case?' You are instructed, gentlemen, that plaintiffs who recover land in cases such as this are entitled to recover what we call in law mesne profits, which means actual profits of the land accruing to the tenant in possession between the date of the commencement and of the termination of the possession, and includes all damages arising from trespass committed by the tenant in possession during his unlawful occupancy, such as cutting timber and other acts of like character, as well as the actual profits of the land accruing during that period." Immediately following the above instruction the court charged: "There has been evidence submitted to you by both sides as to the rental value of this land during the various years of this period. Now, you will decide how much rents, issues, and profits the plaintiffs are entitled to recover from all the evidence submitted to you, direct and circumstantial, which illustrates that question to your minds and answer that question so many dollars."

The fourth special ground complains of the charge: "The next question, number 4, 'Are such rents, issues and profits to be recovered against Mrs. Warren P. Crick only, or against G. P. Hall only, or against both, Mrs. Warren P. Crick and G. P. Hall?' Now plaintiffs who recover in a case like this are usually entitled to hold, not only the tenant in possession but all others who have participated in putting him or her in possession and who have aided and abetted him or her in an attempt to hold, for such rents, issues, and profits." Immediately following the above instruction, the court stated that it is contended by the

petitioners that G. P. Hall and Mrs. Warren P. Crick acted in a scheme and a conspiracy in obtaining the land, and have continued so in occupying it. The court then charged the jury on the law of conspiracy.

There is no insistence that the charge was not a correct abstract principle of law. The exception is based on the contention that the question should not have been submitted to the jury because the evidence failed to show any fraud or conspiracy. The defendants occupied the relation of father and daughter. The undisputed evidence was that Mrs. Crick furnished the money that was used in obtaining a deed from the guardian, and at her request G. P. Hall took possession and looked after the property. He returned it for taxes and made permanent improvements. In looking after the property he did so for himself as well as for Mrs. Crick.

Under the pleadings and evidence, whether mesne profits were to be recovered from only one or from both of the defendants was a proper question, and the submission thereof to the jury together with the charge in connection therewith was not erroneous for any reason assigned.

■ The evidence was sufficient to authorize the special verdict finding generally in favor of the petitioners, and the court did not err in overruling the defendants' motion for new trial as amended.

■ The petitioners, who prevailed generally in the trial court, filed a motion wherein they set forth that in moulding its decree the court did violence to the principles of equity in allowing the defendants affirmative monetary relief against the petitioners for a stated amount representing ad valorem taxes paid on the realty. This insistence is based on the fact that the jury, in answering the sixth question, found that the possession of Mrs. Warren P. Crick and G. P. Hall was not in good faith. In support of this insistence, counsel cite many cases from this State and from other jurisdictions dealing generally with the principle that where defendants are in possession in bad faith they should not be allowed to deduct sums paid out in taxes.

The petitioners in this case offered to do equity and to pay any amounts that the jury might find to be due the defendants.

Mrs. Crick by her answer asked that she be credited with taxes, in the event the jury found that the petitioners were entitled to recover the land, and that question was submitted to the jury. The same jury which found that the defendants' possession was not in good faith found for the defendants on the question of allowing credit for taxes. It may be that there is some conflict apparent in the answers of the jury to the questions propounded, which if true would constitute a ground of motion for new trial, but no such question was raised in the defendants' motion for new trial. The petitioners, on the other hand, having prevailed generally in the trial court, did not seek a new trial. The court in moulding its decree followed the verdict of the jury. The evidence did not demand a verdict finding that the defendants' possession was in bad faith. Accordingly, there is no merit in the exception to the judgment overruling, the petitioners' motion to modify the decree.

*Judgments affirmed in both cases. All the Justices concur.*