22469, 22477. FULLER, Guardian, et al. v. DILLON,
Next Friend, et al.; and vice versa.

ARGUED APRIL 14, 1964—DECIDED MAY 7, 1964.

*Martin McFarland,* for plaintiffs in error.

*Greene, Neely, Buckley & DeRieux, Edgar A. Neely, Jr., Ferdinand Buckley,* contra.

ALMAND, Justice. The judgment under review in the main bill of exceptions is one overruling the general demurrer and certain special demurrers to an equitable petition, and in the cross bill the judgment sustaining certain special demurrers.

The general demurrer. Lillian M. Dillon, as next friend of Olive M. Matthews, and in her individual capacity, brought her petition against Frank Fuller, guardian of the property of Olive Matthews, and Ruth Davis, guardian of her person, under appointment by the Fulton County Court of Ordinary, appointed

on the petition of Gerald G. Matthews, a brother of Olive Matthews. It was alleged that: in this proceeding Gerald Matthews was represented by Martin McFarland, an attorney; prior to this proceeding Gerald Matthews had pending in the courts of Florida suits against Olive Matthews, which were based on false, fraudulent and fictitious claims; in these suits she was represented by a guardian ad litem; after the appointment of the guardian for Olive Matthews, Frank Fuller, guardian of her property, filed his petition in the Fulton County Court of Ordinary on July 24, 1963, in which he sought the approval of a proposed settlement of the two suits in the courts of Florida and the claims of several other individuals against Olive Matthews for the sum of $100,000 wherein the claimants would release their claims upon the guardian, Frank Fuller, delivering to them 47.5 shares of stock of the St. Petersburg Kennel Club, for a reported value of $9,500 but actually worth $11,500 and the balance of $90,500 with interest at 6 percent per annum to be paid from the assets of the estate over a period of three years. It was further alleged that on July 26, 1963, with no citation being issued and without service on Olive Matthews, the Ordinary of Fulton County signed an order approving the proposed settlement and directing the guardian to transfer the stock in the St. Petersburg Kennel Club and directing the guardian Frank Fuller to see that the Florida suits were dismissed; that the proposed settlement was made without the consent or approval of Olive Matthews' guardian ad litem in the Florida suits; that at the time the proposed settlement was approved the primary assets of Olive Matthews other than the Kennel Club stock was 544 shares of stock of Soft Water Laundry, Inc. having an approximate value of $761,000, and that the proposed settlement cannot be consummated without the sale of a sufficient amount of said stock so that the estate of Olive Matthews would lose control of the corporation; that after the approval of the proposed settlement the Circuit Court of Florida, wherein the suits were pending, enjoined the plaintiff from consummating the settlement and ordered Gerald Matthews to return the 47.5 shares of stock of the Kennel Club to Frank Fuller, the guardian of Olive Matthews. It was alleged that the shares were returned, but with

knowledge of the proposed filing of the present suit, the guardian, on the advice of his attorney, Martin McFarland, returned the shares of stock to the attorney for Gerald Matthews. It was alleged that the order of the ordinary approving the settlement was void because it involved the exchange or encumbrance of the ward's estate, and *Code Ann.* §§ 49-203, 49-204 and *Code* § 49-205 were not complied with because the petition and citation were not served on the ward or published once a week for four weeks. It was alleged that Frank Fuller had caused himself to be elected a director of Soft Water Laundry, Inc.

The prayers of the petition were: (a) to enjoin the consummation of the settlement; (b) to set aside the order of the court of ordinary; (c) to remove the guardians; and (d) to appoint a receiver pending the appointment of new guardians.

■ The right of Lillian M. Dillon as next friend of Olive Matthews to institute this suit. The court sustained a special demurrer and struck from the petition the words "Lillian M. Dillon in her individual capacity." In *Johnson v. Janes,* 41 Ga. 596, this court held that a ward may institute a suit in equity against her guardian by her next friend where the complaint is that the guardian is disposing of the property unlawfully. *Poullain v. Poullain,* 76 Ga. 420 (8) (4 SE 92). *Code* § 49-204, as amended, which requires service on the ward and publication of the petition by the guardian to sell, exchange or encumber the property of the ward, contemplates the right of the ward to be heard, and since the ward is incompetent to appear in person, she has the right to appear by a next friend.

■ The right to attack the order of the ordinary approving the settlement. Though the court of ordinary in the administration of a ward's estate is a court of general jurisdiction and every necessary jurisdictional fact is presumed to sustain the validity of its orders and judgments, *Hall v. Ewing,* 149 Ga. 693, 695 (101 SE 807), if a want of jurisdiction appears on the face of the record its orders or judgments may be attacked directly or collaterally. *Stanley v. Metts,* 169 Ga. 101 (1) (149 SE 786); *Horne v. Rodgers,* 113 Ga. 224 (3) (38 SE 768). A judgment of a court having no jurisdiction of the person or subject matter or void for any reason is a mere nullity and may be so held in

any other case where it becomes material to the interest of the parties to consider it. *Code* §§ 110-701, 110-709; *Hall v. Hall*, 203 Ga. 656, 663 (47 SE2d 806). The requirement of *Code* §§ 49-204, 49-205, as amended, as to the citation and notice to the ward prior to leave to sell, exchange or encumber the ward's property is jurisdictional, and the ordinary acts without jurisdiction where he grants an order to sell without the statutory notice having been given. Though a judgment of the ordinary granting leave to sell being regular upon its face and thereby presumptively valid, such presumption is only prima facie and may be rebutted by evidence showing that the jurisdictional fact of publication of the statutory notice had not been accomplished at the time of the grant of the order. *Fussell v. Dennard*, 118 Ga. 270 (2) (45 SE 247); *Powell v. Harrison*, 180 Ga. 197 (1) (178 SE 745).

 Do the allegations of the petition disclose that the order approving the settlement involves the "sale . . . exchange or encumbrance of the ward's estate" by the guardian which requires under *Code* § 49-204, as amended, citation and service upon the ward and publication? The order of the ordinary authorizes the guardian of Olive Matthews to transfer 47.5 shares of stock in the Kennel Club to certain named claimants and to pay to them the sum of $90,500 with interest at 6 percent per annum over a period of three years. The petition discloses that the only other assets of the ward are stock in the Soft Water Laundry, Inc., and the only way these claims could be settled would be out of the sale or transfer of such stock. In such a situation did the order granting authority to the guardian amount to an "exchange" of the Kennel Club stock and to an "encumbrance" of the remaining properties of the ward's estate? The word "encumbrance" has been defined as follows: A burden on the title or a charge on property; to load with debts; a claim or lien upon an estate which may diminish its value, a lien created by a judgment. 20A Words & Phrases 405. The word "exchange" has been defined as follows: Exchange is the giving of one thing for another; a transfer of property for property or some value other than money. 15A Words & Phrases 131. The effect of the order is to require the guardian to transfer shares of corporate stock

of the ward's estate and pay a certain sum of money out of the ward's estate in consideration for which certain named parties will release their claims against the ward. Under this order the claims are liquidated, and if the order is valid it is in effect a liability and encumbrance on the assets of the ward's estate, and under the allegations of the petition it can only be satisfied out of the sale of the ward's corporate stock in the Soft Water Laundry, Inc. In our opinion the purported order of the ordinary directing the guardian to transfer the stock in the Kennel Club and directing the payment of $90,500 amounted to an "exchange" and the creation of an "encumbrance" on the remaining property of the ward's estate.

Was the order approving the terms of the settlement of the claims against the ward's estate valid? *Code* § 49-204, as amended, provides that: "When a sale, lease, exchange or encumbrance of the ward's estate, or any part thereof, shall be deemed necessary or in the best interest of the ward, the guardian may file with the ordinary a petition setting forth the facts, terms and reasons for making the proposed sale, lease, exchange or incumbrance. Citation shall be issued thereon and copy of the petition and citation shall be served personally upon the ward, if he is over 14 years of age. . . The citation only shall be published once a week for four weeks in the newspaper in which the sheriff's advertisements for that county appear. On or after the date appointed in the citation the ordinary may consider the petition, hear evidence thereon, and if the proposed transaction is fair and in the best interest of the ward, he shall issue an appropriate order permitting the sale, lease, exchange or incumbrance. . . Where service is not made upon the ward it shall be the duty of the ordinary to determine the reason therefor and state such reason in his order." Attached as an exhibit to the petition are copies of the petition of the guardian, the agreement between the guardian and claimants and the order approving the settlement. This record discloses that the agreement between the parties as to the settlement was executed on July 24, 1963, and that the order approving the settlement was entered on July 24, 1963. Thus the record discloses on its face that no citation was issued and that no notice by service on the

ward or by publication was had. From this record and the allegations in the petition it appears that the court was without jurisdiction to enter the order, and the order under the allegations in the petition is invalid. *Fussell v. Dennard,* 118 Ga. 270 (2), supra.

■ Does the petition charge actual or constructive fraud on the part of the guardian? "Fraud may be actual or constructive. Actual fraud consists in any kind of artifice by which another is deceived. Constructive fraud consists in any act of omission or commission, contrary to legal or equitable duty, trust, or confidence justly reposed, which is contrary to good conscience and operates to the injury of another. The former implies moral guilt; the latter may be consistent with innocence." *Code* § 37-702. "Suppression of a fact material to be known, and which the party is under an obligation to communicate, constitutes fraud. The obligation to communicate may arise from the confidential relations of the parties or from the particular circumstances of the case." *Code* § 37-704. "Any relations shall be deemed confidential, arising from nature or created by law, or resulting from contracts, where one party is so situated as to exercise a controlling influence over the will, conduct, and interest of another; or where, from similar relation of mutual confidence, the law requires the utmost good faith; such as partners, principal and agent, etc." *Code* § 37-707. Without restating the allegations relating to the charge of fraud in the petition which were set out above, we are of the opinion that the allegations charging fraud are sufficient to withstand a general demurrer. See *Jordan v. Harber,* 172 Ga. 139 (4) (157 SE 652); *Lunday v. Thomas,* 26 Ga. 537 (8).

The superior court in the exercise of its equitable jurisdiction may set aside a judgment of the court of ordinary, procured by fraud, under proper allegations and proof. *Lester v. Reynolds,* 144 Ga. 143 (2) (86 SE 321); *Morris v. Johnstone,* 172 Ga. 598 (8) (158 SE 308).

■ The prayers for the appointment of a receiver and removal of the guardian. Where equity acquires jurisdiction for any purpose it will retain jurisdiction to give full and complete relief, whether legal or equitable, as to all purposes relating to the

subject matter. *Mendenhall v. Stovall,* 195 Ga. 492 (24 SE2d 795); *McCord v. Walton,* 192 Ga. 279 (14 SE2d 723). Compare *Walker v. Morris,* 14 Ga. 323 (3); *Chappell v. Akin,* 39 Ga. 177; *Crawford v. Crawford,* 139 Ga. 535 (77 SE 826).

■ The special demurrers. The defendants demurred to the petition on the grounds of nonjoinder of parties defendants in that the claimants named in the ordinary's court who were the beneficiaries of the settlement approved by the ordinary were necessary parties to the present action and the petition should be dismissed for nonjoinder of necessary parties. The court in its order sustaining this ground said: "Grounds 2 and 3 are hereby sustained. Plaintiffs should either make the parties named in grounds 2 and 3 of the special demurrers parties to the case or should allege why such parties are not necessary, or, if necessary, why it is difficult to make them parties." Subsequently the plaintiff amended her petition wherein she alleged that all the alleged claimants named in the settlement agreement were non-residents of Georgia except one and she had no real or substantial claim against Olive Matthews except that she might have as the daughter of Curtis C. Matthews, a nonresident. The special demurrers on the ground of nonjoinder were renewed. The court overruled the renewed special demurrers. It is insisted that the first order sustaining the demurrers on the ground of nonjoinder had the effect of dismissing the petition.

The proceeding in the court was not an adversary proceeding but was ex parte where the one actual party before the court was Frank Fuller, guardian of Olive Matthews. The claimants or beneficiaries were not necessary or indispensable parties to the proceeding in the court of the ordinary. The trial court in sustaining the special demurrers on the ground of nonjoinder of parties did so conditionally and invited the plaintiff to allege why they should not be made parties. By amendment the plaintiff alleged in detail why they should or could not be made parties. In *Carey v. Hoxey,* 11 Ga. 645, this court held: "1. The general rule in Equity is, that all persons materially interested, either legally or beneficially, in the subject matter of a suit, are to be made parties, either as plaintiffs or defendants, however numerous they may be. 2. There are, however, exceptions.

When the parties are beyond the jurisdiction, or are so numerous that it is impossible to join them all, a Court of Chancery will make such a decree as it can without them. 3. *Numerousness* does not always and necessarily constitute an exception, but if the parties in interest are so very numerous that to join them would be impracticable without almost interminable delays and other inconveniences which would obstruct and probably defeat the purposes of justice, it is an exception to the general rule . . . 7. Whether a case comes within any of the exceptions growing out of numerousness, deaths of parties, and litigation touching the representation, is for the Chancellor to determine, in the exercise of à sound discretion, in view of the circumstances of cases, as they arise." See also *Salway v. McElrath,* 176 Ga. 523 (168 SE 233).

The court did not err in overruling this ground of the special demurrers.

In the brief of the plaintiff in error it is stated that the other special demurrers to the original petition and the three amendments are in the nature of general demurrers and are not argued either orally or by brief. Being of the opinion that the amended petition was not subject to the general demurrer it follows that the special demurrers "in the nature of a general" are without merit.

■ The cross bill of exceptions. Error is assigned on the order of the court sustaining a special demurrer of the defendant and dismissing Lillian Dillon as a party plaintiff in her individual capacity. In view of our rulings on the main bill of exceptions that Lillian Dillon had the right to institute the suit as next friend of Olive Matthews though Lillian Dillon is a sister of the ward and interested in protecting the ward's estate, she has no direct pecuniary interest that would authorize her to sue in her individual capacity.

In the plaintiff's first amendment she alleged that each and every bond filed by guardians of Olive Matthews was procured by and through the brother of the Ordinary of Fulton County and since he had a financial interest in the execution of said bonds there are no valid bonds in force. Special demurrers interposed were sustained and error is assigned on this ruling. There

is no merit in this contention. It was not error to sustain the special demurrers on which error is assigned.

The court properly overruled the general and special grounds of the demurrers to the petition and its amendment and properly sustained the special demurrers complained of in the cross bill.

*Judgment on the main bill of exceptions affirmed; judgment on the cross bill affirmed. All the Justices concur.*